RUCKER *v.* BEATY.

An opinion expressed by a witness, inconsistent with a fact testified to by him, cannot be given in evidence to impeach his credit.

In an examination to impeach the credit of a witness by proof of his general bad character, the inquiry must be limited to his character at the time of the examination.

ERROR to the *Rush* Circuit Court.

Nov. Term, 1851.

RUCKER
v.
BEATY.

Wednesday, November 26.

PERKINS, J.—*Josiah Gordon* sued *James S. Rucker,* in trespass, for criminal conversation with said *Gordon's* wife. *Rucker* pleaded the general issue. The cause was tried by a jury, and *Gordon* obtained a verdict and judgment for 500 dollars. *Gordon* died, and *Beaty,* his administrator, was made a party to the judgment, and is the defendant in this Court.

A bill of exceptions states that, on the trial, " one *William Moore,* having been called by the plaintiff and sworn as a witness, on cross examination, stated, on the question of the defendant, that the plaintiff had not said to him that he brought this suit to prevent the defendant from suing him. Whereupon the defendant asked the witness if he had not himself told one *John Ross,* in his shop at *Burlington,* in said county, last winter, that that was the reason why the plaintiff sued; to which the witness replied that he had no recollection of having so told *Ross.* Thereupon, said *Ross,* a competent witness, was called and sworn, and asked if *Moore* did not tell him as above, in his shop last winter;" and, objections being made, the the Court directed the witness not to answer, &c.

We think the Court committed no error in this. It will be observed that the witness was not asked whether he did not tell *Ross* that the plaintiff had told him the reason he sued was to prevent the defendant suing him, but whether he had not himself expressed the opinion to *Ross* that such was the reason of the suit. Now, whether he had expressed such an opinion to *Ross* or not, or whether he, even then, privately entertained such an opinion or not, had nothing to do with the facts of the case, and was irrelevant and immaterial.

The bill of exceptions further states that "*James Havens,* a competent witness, was called by the defendant, for the purpose of proving the general character of the said witness, *Moore;* and being asked if he was acquainted with the general character of said witness, at that time, answered that he did not know that he was; he was then asked if he was acquainted with that character some five

years ago. The plaintiff objected to this question being answered, and the Court sustained the objection, the defendant having already adduced other evidence tending to prove that the character of said *Moore* was, at the time of the trial, bad."

We do not see that the defendant was injured by this ruling of the Court. The general rule, in cases like this, is, that testimony as to character must relate to the time at which the witness, sought to be impeached, is examined; and if the defendant had already shown that the character of *Moore* was then bad, he had accomplished all that was necessary. If he had not been able to establish that it was then bad, he had no right to go back five years for the sake of attacking it. If he had shown it to be bad at the time of the trial, we do not see that there was any objection to his also showing it to have been always bad, except the time that would have been consumed in the examination. That time the Court was not bound to waste.

The plaintiff in error objects generally to the instructions that were given to the jury, and to the refusal to give others that were asked, but specifies no particulars. We think there is no error in this part of the case.

*Per Curiam.*—The judgment is affirmed with costs.

*S. W. Parker*, for the plaintiff.

*J. S. Newman*, for the defendant.