*John Coburn*, for the appellee.

----•◆•◆•----

HARTER and Another *v.* JOHNSON

Suit upon a promissory note. Answer: that the note was given to the payees thereof, at the request of one *A.*, in settlement of an affair of bastardy, she, the said *A.*, being then pregnant with a child begotten by one of the makers of said note; that a large sum, to-wit, $500, had already been paid, and that said bastard child died at birth.

*Held*, that as the law now stands, no one but the mother of the bastard is authorized to institute a prosecution.

*Held*, also, that the mother, being pregnant at the time of the execution of the note, had then a present right of action, and her promise not to bring the action was a good consideration for the note, which the death of the child did not in any degree affect.

APPEAL from the *Tippecanoe* Circuit Court.

DAVISON, J.—*Johnson* sued *John V.* and *James Harter*, who were the defendants, upon a promissory note for the payment of $75. The note was executed by the defendants to one *Welmet Pruit*, who assigned it to the plaintiff.

Defendants answered, that the note was executed to *Pruit*, the payee therein named, at the request of one *Amanda Sloop*, in settlement of an affair of bastardy. She, *Amanda Sloop*, being, at the date of the note, pregnant with a child begotten by the defendant *John V. Harter*. It is averred that on said settlement, a large sum, viz., $800, was to be paid by *John V. Harter*, and that *James Harter* was security for the payment thereof; that of the sum thus agreed to be paid, $500 had been paid before the commencement of this suit, and that the bastard child, with which the said *Amanda* was so pregnant, died at its birth; and the defendants aver that

*Wednesday, June 5.*

the plaintiff ought not to recover in this suit more than her cost, &c. Demurrer to the answer sustained, and judgment in favor of the plaintiff for the amount of the note and interest, &c.

In support of the demurrer it is argued, that the consideration of the note has failed, in this : that the note was given to avoid a prosecution for bastardy ; that such prosecution is not authorized by the statute for the benefit of the mother, but to secure the maintenance and education of the child, and to secure the State from the burden of its support; and as the child did not live, the mother has no right of recovery, &c. This reasoning is not, in our judgment, conclusive. In the Revision of 1843, there is a provision to the effect, that "when any woman has a bastard child, and neglects to bring suit for the maintenance of such child, or commences a suit and fails to prosecute the same to final judgment, the overseers of the poor, of any township interested in the support of such bastard, may institute suit against the person who may have begotten such bastard." R. S. 1843, § 13, p. 366. This enactment is not found in the statutes now in force ; but, as the law now stands, no one save the mother of the bastard is authorized to institute a prosecution against the putative father. 2 R. S., p. 485, *et seq.* She may, or may not, at her option, commence such prosecution, and that being the case, we perceive no reason why a note given by the father of the bastard, in consideration of her promise not to commence it, should not be held valid and collectable. Thus, when the note in suit was given, she was pregnant and had a right of action against the defendant, who, in consideration of her promise not to sue, executed the note in question. It can not therefore be assumed, that the death of the child in any degree affects the consideration of the note, because it was given, not to secure a maintenance for the child, but to avoid a prosecution for bastardy.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*James O'Brian,* for the appellants.

*John F. Miller,* for the appellee.