ABSHIRE *v.* MATHER and Another.

27 381
127 27

BASTARDY.—An agreement not to institute a prosecution for bastardy is a good consideration for a promise to pay money.

HARVEST.—JUDICIAL NOTICE OF.—Where a promise was made in *November*, 1861, to pay a sum of money "after harvest," and suit was instituted upon the promise in 1864,

*Held*, that the court would take judicial notice that the time of performance had passed.

BASTARDY.—MARRIED WOMAN.—A promise made to a married woman, living separate from her husband, to pay a sum of money, in consideration of her agreement not to prosecute the party for bastardy, is good, though made without the concurrence of her husband.

PRACTICE.—AMENDMENT.—DEPOSITIONS.—In a suit by a married woman, it appeared in evidence on the trial that the true name of the plaintiff was not that in which she sued, and the court, on motion, allowed her true name to be substituted.

*Held*, that the action of the court was warranted by the statute.

*Held*, also, that the fact that the deposition of the plaintiff had been taken in the cause as at first entitled, was not cause for suppressing it.

PARTIES.—DEPOSITIONS.—The deposition of a party to a suit may be taken under the rules governing the taking of the depositions of other witnesses.

IMPEACHMENT.—EVIDENCE.—Evidence of the general character of a witness, offered for his impeachment, should be confined to the time of the trial, unless the peculiar circumstances of the case render it necessary to show his previous standing, and the onus of showing this necessity is upon the party offering the evidence.

APPEAL from the *Delaware* Common Pleas.

GREGORY, J.—Suit by *Mary Mather* and her husband against *Abshire*, on a promise of the latter to pay the appellee, *Mary*, one hundred dollars, in consideration that she would not sue him in bastardy and produce a disturbance in his family. A demurrer to the complaint was overruled, and this is the first error assigned. It is urged that no sufficient consideration is shown for the promise, and that the bringing of this suit is of itself a failure of the consideration. Neither of these positions can be maintained. The consideration was sufficient. *Harter et al.* v. *Johnson*, 16 Ind. 271. The suit is for a failure to pay the one hun-

dred dollars, and not a prosecution for bastardy. The appellant's own wrong, in refusing to pay, produced the necessity of suing, and certainly he cannot take advantage of that.

The promise was made in *November*, 1861, to pay after harvest. The suit was commenced in 1864. It is claimed that the complaint is defective, in not averring that the time of payment had passed. There is nothing in this objection. The court will take notice of seed time and harvest.

The ninth paragraph of the answer of the defendant sets up that the alleged seduction took place during coverture, and that the promise was made to *Mary* alone, without the knowledge or consent of the husband, and while she was his lawful wife. The plaintiff replied, that at the time of the promise, she was, and had been for more than a year, living separate from her said husband, and is yet living separate from him; that she is the meritorious cause of the promise, and that it would survive to her; that her husband had no interest in it, and could not control it. A demurrer was overruled to this reply, and this is the second error assigned.

Under the statute, a married woman may prosecute for bastardy. 2 G. & H., § 1, p. 624. The mother alone is authorized to institute the prosecution. *Harter et al.* v. *Johnson, supra.* Under the facts stated in the reply, a promise made to her is undoubtedly good, without the concurrence of the husband. The defendant had the full benefit of the promise not to sue in bastardy. He cannot now be permitted to say that that promise was void, and therefore no consideration for his agreement to pay the one hundred dollars. This would be a fraud.

This suit was commenced in the name of *Mary Gard* and *John Gard*, and on the disclosure of the fact in evidence that *William P. Mather*, and not *John Gard*, was the husband of the said *Mary*, the court permitted the names of *Mary Gard* and *John Gard* to be stricken out of the complaint, and the names of the appellees to be substituted. This action of the court, we think, was warranted by the statute.

2 G. & H., § 99, p. 118. Before the amendment was made, the deposition of the appellee *Mary* had been taken, and motions were made both before and after the amendment to suppress it. These motions were overruled, and this is one of the grounds of the motion made by the appellant for a new trial, after the verdict against him was filed. It is urged that the court below ought to have granted the new trial for this alleged error of law. The record showed that it was the same case, and the mistake in the name in which the deposition was taken was no objection to it. But it is claimed that the deposition of a party to a suit cannot be taken; that parties must appear in person to give their evidence. We think otherwise. When a party to a suit becomes a witness for himself, he stands as any other witness, except as to his credibility. *Fox* v. *Reynolds*, 24 Ind. 46. When the statute makes parties to a suit competent witnesses, their testimony can be taken in the same manner as the testimony of other witnesses.

A motion was made to suppress the thirteenth and fourteenth interrogatories, and the answers thereto, of the deposition of the appellee *Mary*. This motion was overruled, and this was one of the causes assigned for a new trial. The answer to the thirteenth interrogatory was immaterial. It simply states that the appellant offered at one time to compromise this claim, by giving forty-five dollars: twenty dollars at the time of the offer, and his note for the residue. The fourteenth question is this: "Did he, or not, in any conversation you had with him, at any time, deny the paternity of the child; or if he ever acknowledged it to be his child, say so?" The answer is this: "He never denied the paternity of the child, but acknowledged it to be his child, when at my house in *Winchester*." The witness had sworn positively that the appellant was the father of the child. If the jury believed her, this question was put to rest, independent of the acknowledgment of the defendant. We cannot see that the question and answer objected to could add anything to the weight of the evidence on this

point. It was left to turn on the credibility of the witness, and this was not strengthened by the repetition of the same fact in different forms. There was an attempt to impeach the witness, by showing what her general character was in *Delaware* county, where she had resided about five years before she gave her testimony. It is a well settled rule in this State, that the inquiry as to general character should be, not what it was at any former period, but what it is at the time of the trial. *Walker* v. *The State ex rel. Corbin*, 6 Blackf. 1; *Rucker* v. *Beaty*, 3 Ind. 70. We are aware that it has been held otherwise in *Rathbun* v. *Ross*, 46 Barbour's S. C. R. 127. There may be cases in which it would not be improper, in ascertaining the general character of a witness at the time of trial, to go into the examination of his previous standing, but in such cases we think the onus of showing the necessity ought to be on the party offering the impeaching evidence. There was no such necessity shown in the case at bar. It did not appear how long she had resided in her present place of abode in *Ohio*. We think the court below committed no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.

*W. March*, for appellant.

*T. J. Sample*, for appellees.