## The People v. Winfield Brewer.

*Seduction: Evidence: Reputation.* On a trial for seducing and debauching an unmarried woman, evidence of the reputation of the prosecutrix for morality and virtue at the time of the trial is inadmissible, as her reputation at that time would be injuriously affected by the offense itself when made known.

*Seduction: Evidence: Chastity: Admissions.* In such a case evidence of the admission by the prosecutrix of sexual intercourse with another person than defendant is not admissible as proof of the substantive fact; nor is it admissible to prove that she was not a pure-minded woman, but was inclined to lewdness, when not offered in connection with other proofs of a habit of lewd talk and conversation, and when no proper foundation had been laid for its introduction as impeaching testimony.

*Privilege of witnesses.* A witness put upon the stand in such a case and asked whether he had ever had sexual intercourse with the prosecutrix, has a right to decline to answer; and it is not error for the court to refuse to require him to give the reason for declining, as a valid reason is manifest.

*Privilege of witnesses.* It is not error for the court to refuse to compel a witness in such a case to answer whether he had not had sexual intercourse with the prosecutrix previous to the alleged offense, notwithstanding any prosecution against him for seduction would be barred by the statute of limitations at the time of the trial, in the absence of any showing that he had not already been complained of, and when a prosecution for rape had not yet been barred.

*Charge to the jury: Evidence.* The granting of a request to charge as to the effect of the refusal of witnesses to answer such questions, that " the case, so far as those questions and answers are concerned, should stand in the minds of the jury as if the questions had not been asked, or the same as if answered in the negative," though erroneous standing by itself, could work no harm in the absence of any evidence of the fact of such intercourse.

*Charge to the jury : Error cured.* The erroneous impression which this request might have produced, if given alone, is held to have been cured in this case by the clear, full and positive instructions given in the general charge of the court, which laid down the correct rule in this regard.

*Presumption: Chastity.* It is not error to charge in such a case, that the law presumes a woman to be chaste until the contrary is shown.

*Submitted on briefs April 15. Decided April 22.*

Exceptions from Kent Circuit.

*Byron D. Ball, Attorney General,* for the People.

*Eggleston & Kleinhans,* for respondent.

COOLEY, J.

The defendant was convicted on an information charging him with having seduced and debauched one Josephine

Burch. The first error assigned relates to the refusal of the court to allow the defendant to give evidence that the reputation of the complaining witness for morality and virtue in the neighborhood where she resided was bad. Questions were put to several witnesses for the avowed purpose of drawing out such evidence, but in every instance the time inquired about was the time of the trial. It does not, therefore, become necessary for us to consider whether the woman's reputation at the time or previous to the alleged offense could be proved or not, as it is manifest that her reputation in that regard would be injuriously affected by the offense. itself when made known, so that if the bad reputation could be made use of by the defense, the very crime would become the means of protecting the criminal, and the more notorious the seduction the more certain would be the immunity from punishment.

The next exception relates to the exclusion of evidence to show that the prosecuting witness had admitted sexual intercourse with another person than the defendant. It was not claimed that such evidence was admissible to establish the fact, but it was insisted that such talk by her would show she was not a pure-minded woman, but was inclined to lewdness. The evidence, however, was not offered in connection with other proofs to show a habit of lewd talk and conversation, but for the inferences which might be drawn from the single fact of the admission, that she was not at the time in the path of virtue. For this purpose we think it was inadmissible. It might, without doubt, have been used as impeaching testimony after the proper foundation had been laid for its introduction.; but not as proof of a substantive fact.

The defendant put a witness upon the stand and inquired of him if he had ever had sexual intercourse with Miss Burch. The witness declined to answer, for the reason that it might tend to criminate him, and the court held that he had a right so to decline. Another witness was then asked the same question, who also declined to

answer. The counsel for defendant then inquired for what reason he declined. But the judge said he had already passed upon that, and refused to require an answer. As a perfectly valid reason for the refusal was manifest, we think no error was committed to defendant's prejudice.

To another witness the question was put whether, previous to the time of the alleged offense, he did not have sexual intercourse with the complaining witness, and the court was asked to compel him to answer, because at the time of the trial any prosecution against him would be barred by the statute of limitations. This would be so if he were charged with seduction, and had not been previously complained of, but not, if he were charged with rape. As an affirmative answer might form a link in the chain of testimony to convict him of either offense, no error was committed in the ruling, especially as the court could not know whether the witness had previously been complained of or not.

It is also assigned for error that the court, at the request of the counsel for the people, gave to the jury the following instruction: "When a witness is placed upon the stand and declines answering a question put to him on the claim of privilege, the jury are to draw no inference that the fact inquired after is true or exists; it stands in all respects as if the question had not been asked; that in this case, where the question asked of the witnesses was to the effect of their having had illicit sexual intercourse with the complaining witness, to which they declined to answer, the jury are not to infer that they did have such sexual intercourse with her, and their declining to answer is no evidence whatever of the fact of such sexual intercourse; that no presumptions are raised that the witness had had sexual intercourse, and the case, so far as those questions and answers are concerned, should stand in the minds of the jury the same as if the questions had not been asked, or the same as if answered in the negative." This instruction, standing by itself, would have been clearly erroneous,

inasmuch as it did not leave the case to stand as if no such questions had been put, but gave the refusal to answer the effect of positive evidence that the fact inquired about did not exist. No mischief would be done even then unless there was evidence in the case from which the contrary inference might be drawn; but in this case it is claimed there was such evidence.

From the record, however, it would seem that acceding to the request in this form must have been an inadvertence, for the judge proceeded to lay down the law to the jury very clearly and very fairly. " Young men," he said, " are put upon the stand and asked if they had intercourse with the girl, and these young men decline to answer on the ground that the answer would tend to criminate them. From this you cannot infer that they had intercourse with the girl. It is a failure of proof as to these witnesses. The court held that the witnesses should not be obliged to answer these questions as to the fact of intercourse, and they did not answer. You are not at liberty to suppose, imagine, or infer what would have been the answer to these questions if they had been given. You must act upon the evidence in the case, and not upon what you suppose or imagine might have been put into the case." This is perfectly clear and perfectly correct, and must have relieved the minds of the jury of any erroneous impressions they might have received from the judge's assent to the previous request, especially as where a written request is thus acceded to, and the same ground is then fully occupied by the judge with instructions in his own language, the latter will always be most likely to receive the strict attention and be impressed upon the minds of the jury.

The last error we shall notice is, that the court erred in instructing the jury that the law presumes a woman to be chaste until the contrary is shown. We believe this instruction to be correct. The presumptions of law should be in accordance with the general fact; and whenever it shall be true of any country, that the women, as a general fact, are

27 MICH.—18.

not chaste, the foundations of civil society will be wholly broken up. Fortunately in our own country an unchaste female is comparatively a rare exception to the general rule; and whoever relies upon the existence of the exception in a particular case should be required to prove it. —*Crozier v. People, 1 Park. Cr., 457 ; People v. Kenyon, 5 Park. Cr., 286 ; Kenyon v. People, 26 N. Y., 204; Andre v. State, 5 Iowa, 398; People v. Millspaugh, 11 Mich., 238.* The case of *West v. The State, 1 Wis., 217,* which seems to hold otherwise, was decided upon the phraseology of the Wisconsin statute, which was thought to make the " previous chaste character" of the person seduced an ingredient in the offense, to be made out by proofs. Our statute is very simple, and merely provides that, " If any man shall seduce and debauch any unmarried woman the shall be punished," etc.—*Comp. L. 1871,* § *7697.*

One other exception is relied upon in the brief, but no reasons are assigned for it, and as none occur to us, we pass it by. It must be certified to the circuit court as the opinion of this court, that the exceptions are not well taken, and that judgment should be given upon the verdict.

The other Justices concurred.