LYONS v. THE STATE.

CRIMINAL LAW.—*Abduction for Prostitution.*—*Evidence.*—To sustain a prosecution for the abduction of a female for the purpose of prostitution, under section 16, 2 G. & H. 441, the female must have possessed actual personal virtue, and therefore acts of illicit sexual intercourse committed by her previous to the alleged abduction may be shown in evidence on behalf of the defendant.

From the Franklin Circuit Court.

*W. H. Jones, W. H. Bracken* and *B. F. Davis,* for appellant.

*C. A. Buskirk,* Attorney General, *S. E. Urmston* and *S. S. Harrell,* for the State.

DOWNEY, C. J.—This was a prosecution for abduction, under sec. 16, p. 441, 2 G. & H. The defendant was convicted and sentenced to the State's prison. The refusal of the court to quash the indictment, and the overruling of the defendant's motion for a new trial, are assigned as errors. We see no valid objection to the indictment. There is a little surplusage in its allegations, but it is good notwithstanding.

On the trial, the defendant proposed to prove acts of illicit sexual intercourse on the part of the prosecuting witness prior to the alleged abduction, but the court rejected the evidence. We think this was an error. In such a case the female must be of "previous chaste character." This has been held to mean that she shall possess actual personal virtue in distinction from a good reputation. A single act of illicit connection may, therefore, be shown on behalf of the defendant. Bishop Statutory Crimes, sec. 639; *Carpenter* v. *The People,* 8 Barb. 603; *Kenyon* v. *The People,* 26 N. Y. 203; *The State* v. *Shean,* 32 Iowa, 88; *Andre* v. *The State,* 5 Iowa, 389; *Boak* v. *The State,* 5 Iowa, 430.

The preceding section relating to seduction is different. It only requires that the female shall be "of good repute for chastity."

The authorities cited by the State do not bear on the exact question under consideration.

The judgment is reversed, and the cause remanded, for a new trial. The clerk will certify to the warden of the state prison as required by law.