## JACOB BOWERS v. THE STATE OF OHIO.

1. The statute against seduction (S. & C. 452) extends its protection to all females under the age of eighteen years who are of "good *repute* for chastity," and therefore, on the trial of an indictment under the statute, it is not competent for the defendant to prove specific acts of illicit carnal intercourse by the prosecutrix with other persons, and he must attack her character, if at all, by proof of her reputation.

2. It is competent for the defendant in such case to give in evidence previous acts of carnal intercourse by the prosecutrix with himself, not for the purpose, however, of impeaching her character for chastity, but for the purpose of showing that the criminal act charged was not committed under a promise of marriage.

3. On such trial the prosecutrix is not to be regarded as a party, but has all the rights of an involuntary witness, and therefore the defendant can not, without her consent, prove by an attorney admissions made by her to such attorney in confidential consultation concerning a civil action pending between her and the defendant.

4. The admissions so made are not deprived of their privileged character by the fact that her mother was present, and participated in the consultation; the presence and aid of the mother being necessary and

proper in such a case, she should be regarded as the mere agent of the daughter.

MOTION for the allowance of a writ of error to the Court of Common Pleas of Sandusky county.

This was an indictment for seduction, under the statute of April 4, 1859 (S. & C. 452). On the trial, the defendant offered to prove that the prosecutrix had had illicit carnal intercourse with men other than himself prior to the time of his alleged offense. This evidence was rejected by the court, and the defendant excepted to the ruling.

The prosecutrix having been examined by the state as a witness, and having denied, on her cross-examination, that she had ever admitted that the defendant's intercourse with her was had without any promise of marriage, the defendant offered evidence to prove such admission. But it appearing that the supposed admission was made in confidential consultation with her attorney, in a bastardy proceeding which she had commenced against the defendant, and that no one except her mother, herself, and her attorney was present at the interview, the evidence was objected to, and the objection was sustained by the court. To this ruling also the defendant excepted.

The defendant testified as a witness in his own behalf. He admitted the illicit intercourse, but denied the promise of marriage. He testified, and also gave in evidence the testimony of others, tending to prove, that he had had such intercourse with the prosecutrix prior to the time of the alleged seduction, and without promise of marriage. After the testimony had closed, he asked the court to charge the jury that if they were satisfied, from the evidence, that the prosecutrix, previous to the alleged seduction, had engaged in sexual intercourse with the defendant, and if it did not appear that such previous intercourse was under a promise of marriage, then they should acquit the defendant. This instruction the court refused to give, and the defendant took exception.

The defendant was convicted, and sentenced to the penitentiary, and he now claims that there was error in the court's rejection of the testimony so offered, and in refusing the instruction asked.

*John M. Lemmon,* for the motion, in support of the claim that the evidence offered should have been admitted, cited : 2 Addison on Torts, 1097 ; 7 C. & P. 308 ; 4 Comst. 493 ; Bishop's Stat. Crimes, secs. 649, 650 ; 55 N. Y. 515 ; 1 Wis. 216 ; 4 Minn. 334 ; 48 Ga. 192, 295 ; 11 Mich. 283.

*Bartlett & Finefrock,* contra :

The statute determines the rule as to the character of the evidence required to convict, and that rule is : " *Good repute of the prosecutrix for chastity.*" Under this rule it is obligatory upon the state, in the first instance, to give evidence of the *good repute* of the prosecutrix for chastity, as the ordinary legal presumption in this particular has no application to this class of cases.

This evidence must be confined to the *general reputation or character* of the prosecutrix for chastity.

*Reputation* is defined to be general repute. *French* v. *Millard,* 2 Ohio St. 44.

*Repute* is defined to be : " Character reputed or attributed ; established opinion ; estimate ; the credit or honor derived from common or public opinion ; character ; reputation." — *Webster.*

The character for chastity of the prosecutrix in this class of cases can not be impeached by evidence of particular acts of unchastity, but only by general evidence of her reputation in that respect. *McComb* v. *State,* 8 Ohio St. 643 ; *Bucklin* v. *State,* 20 Ohio, 18 ; Roscoe Crim. Evidence, 97, 177 ; 4 Phillips on Evidence, 754 ; Cowen & Hill's Notes, part 2, note, 388 ; 1 Greenl. on Evidence, sec. 461, p. 517 ; 3 Greenl. on Evidence, 2 ed., sec. 214, p. 195 ; *Rex* v. *Clark,* 2 Starkie, 214.

Nor can she be interrogated as to previous criminal intercourse with persons other than the accused himself, nor

is such evidence of other instances admissible. *McComb* v. *State*, 8 Ohio St. 643; *People* v. *Jackson*, 3 Parker's Crim. Rep. 391.

*Privileged Communications.*—The communications between the prosecutrix and the attorneys, Lemmon and Finch, sought to be given in evidence on behalf of the accused, are privileged, and were very properly excluded by the court. Seney's Code, sec. 314, p. 441; 1 Greenl. on Evidence, sec. 273, p. 276; *King* v. *Barrett*, 11 Ohio St. 261.

WELCH, C. J. The instruction asked by the defendant and refused by the court, and the rejection of testimony tending to show specific acts of lewdness on the part of the prosecutrix, raise the same question, namely, whether the protection of the statute extends to all females under the age of eighteen whose *reputation* for chastity is good, or only to such as have deservedly acquired that reputation by a pure life. It seems to us that the plain words of the statute leave no room for doubt on this question. The statute provides : " That any person over the age of eighteen years, who, under promise of marriage, shall have illicit carnal intercourse with any female of *good repute* for chastity, under the age of eighteen years, shall be deemed guilty of seduction." Language could hardly be plainer. It is the reputation and the age of the female, and not her previous conduct, that bring her within the protection of the statute. The law wisely and justly accords to the erring female a *locus pœnitentiœ*. If she has repented of her past error, and by her upright walk acquired an unimpeachable reputation for chastity, the law protects her against the man who overcomes her good resolves by a promise of marriage. It is the purity and integrity of her mind, and not merely those of her person, that the law designs to guard against the attacks of the seducer; and it looks alone to her general repute as evidence of that purity and integrity. We think, therefore, that the court was right in excluding evi-

dence of specific acts of intercourse by the prosecutrix with persons other than the defendant. Evidence of the defendant's previous connection with her stands on a different basis. Such evidence was properly admitted, not, however, for the purpose of impeaching her character, but because it tends to show that the criminal act charged was not committed under a promise of marriage. We are supported in this view of the case by decisions in several of the states, under similar or analogous statutes. We refer to 11 Ind. 466; 13 Id. 46; 20 Id. 44; 21 Id. 15; 25 Id. 90; 29 Id. 267; 26 N. Y. 203.

The remaining question is, whether the court erred in refusing to receive evidence of the alleged admission of the prosecutrix, made in consultation with her attorney. We think not. She was a mere witness and not a party, and as such witness was compelled to testify. The case, therefore, comes clearly within the rule in regard to privileged communications, unless the presence of her mother at the time of her interview excludes it. It is well established that the privilege extends as well to communications to or through an agent, as to those made directly to the attorney by the client in person, and we think it is only a dictate of decency and propriety to regard the mother in such a case as being present and acting in the character of confidential agent of her daughter. The daughter's youth and supposed modesty would render the presence and participation of her mother appropriate and necessary.

We see no error in the case, and the motion must be overruled.

*Motion overruled.*