Williams v. The State, ex rel. Moon.

No. 545.

## WILLIAMS v. THE STATE, EX REL. MOON.

BASTARDY.—*Prosecution for.—Affidavit of Relatrix as to Her Seduction by Defendant.—Inadmissibility of in Evidence.*—In a prosecution for bastardy in which the relatrix testified that the child was begotten in the latter part of December, 1888, it was not error to refuse to permit the defendant to introduce in evidence an affidavit filed by the relatrix before a justice of the peace, in which she charged the defendant with having seduced her on the 3d day of January, 1889. The statement in the affidavit that the defendant seduced the relatrix on January 3d, 1889, might be literally true, and still the defendant may have had sexual intercourse with the relatrix and the child may have been begotten at a time prior to the date of the alleged seduction. The affidavit did not necessarily contradict anything that the relatrix had testified to in the prosecution for bastardy.

SAME.—*Paternity of Child.—Conversation Concerning.—Inadmissibility of in Evidence.*—In a prosecution for bastardy it was not error to exclude a conversation alleged to have taken place between the relatrix and one D., in which it was claimed that D. said he was willing to marry the relatrix to settle the matter (referring to the child), and that she consented. D. was himself a competent witness, and his absence, from whatever cause, would in no wise render hearsay testimony of his statements, even when made in the presence of the prosecutrix, admissible. Whether the prosecutrix consented or not was at most but a conclusion, and not a fact.

CRIMINAL SEDUCTION.—*Good Repute of Prosecutrix.—Specific Acts of Unchastity.*—Under the statutes of Indiana which require that in a prosecution for criminal seduction the prosecutrix must have been of good repute at the time of the alleged seduction, the prosecution will lie if she be possessed of such reputation, although prior to that time she may have been guilty of specific acts of unchastity.

Williams v. The State, ex rel. Moon.

From the Boone Circuit Court.

F. F. Moore, J. C. Suit and W. N. Suit, for appellant.

M. Bristow and W. R. Moore, for appellee.

REINHARD, J.—This was a prosecution for bastardy. Upon her direct examination in the circuit court, as well as in her sworn statement before the justice, the prosecuting witness had testified that the appellant was the father of her bastard child, and that it was begotten some time in the latter portion of December, 1888, which, on cross-examination in the court below, she explained to mean about the 19th or 20th day of the month, though she stated at the time that she was not able to fix the exact date. She also testified, on cross-examination in the circuit court, that she first had sexual intercourse with the appellant in July or August, 1888, and from that time on repeatedly until after the child was begotten. She was then asked by the appellant's counsel if she did not file an affidavit before Justice Cramer, in the city of Frankfort, charging the defendant with seduction, in which she stated that he seduced her on the 3d day of January, 1889. To this question the court sustained an objection, and the appellant excepted. Subsequently the time at which it was claimed the affidavit was made was fixed by appellant's counsel at June 14th, 1888. At this point, the prosecutrix being shown the affidavit, she fully identified and admitted that she had made it. The appellant thereupon offered the affidavit in evidence, but, upon objection by the State, the court excluded it, and the appellant again excepted. These rulings, having been properly assigned as causes for a new trial, are now urged as sufficient grounds for the reversal of the judgment.

The affidavit charged that the appellant seduced the affiant on the 3d day of January, 1889, by having carnal knowledge of her, under a promise of marriage.

The prosecuting witness in a bastardy proceeding, not being a party to the action, stands upon the same footing as

other witnesses in civil causes, and her testimony may be impeached by proof of general bad reputation for truth and veracity, and also by evidence of contradictory statements made out of court. *Houser* v. *State*, 93 Ind. 228; *Tholke* v. *State*, 50 Ind. 355.

The foundation having been properly laid, then, and the affidavit sufficiently identified, the question of its competency depends upon whether or not the affidavit, in any material matter, tends to contradict the testimony of the witness given on the trial.

The prosecutrix had testified that her child was born September 4th, 1889. According to the usual period of gestation of nine months the child must have been begotten, therefore, about the 4th day of December, 1888. If begotten as late as January 3d, 1889, the time of the alleged seduction charged in the affidavit, the probabilities are that it would not have been born till the first part of October, 1889. Any admission, therefore, by the prosecuting witness that the child was begotten as late as January 3d, 1889, would be proper for the consideration of the jury as tending to contradict the statement made by her on the trial that conception took place about the 17th or 18th of December, 1888, or before, and of showing the improbability of the appellant being the father of a child born September 4th, 1889. Does the affidavit tend to establish such an admission?

It is claimed by counsel for the State that in the prosecution for seduction the State was not concluded by the date fixed in the affidavit for the commission of the offense charged, but may prove that it occurred at any time within two years prior to the filing of the affidavit. On the other hand, it is argued for the appellant that, while the State is not confined in its proof to the date alleged, this will not take from the affidavit its character as a statement of facts, and that it may still be used as evidence to contradict any other statement of facts made by the affiant as a witness upon

the trial of the cause, and with this view we are disposed to coincide.

It is further insisted by the appellant's counsel that if the statement is true that the prosecutrix was seduced by the appellant on January 3d, 1889, it could not also be true that the appellant had had carnal knowledge of her previous to that time.

This claim seems to be based upon the assumption that criminal seduction implies previous chastity. Section 1992, R. S. 1881. A female who is seduced, it may be argued, must have been previously chaste and pure, and hence the very admission on her part that she had previously yielded her person to the alleged seducer would tend to cast suspicion upon her claim of seduction. And conversely it might be contended that if it were conceded that a female was criminally seduced upon a certain day, it could not also be true that she had been guilty of repeated acts of incontinence before that time.

It must be admitted that there is much plausibility in such reasoning, and it would seem that the apparent inconsistency of the two statements were enough of itself to entitle the jury to hear both, and let them determine as to the weight which the declaration made out of court should receive when placed in the scales with the testimony given upon the trial. It is to be observed, however, that before evidence of this character can be considered as competent, it must appear that such evidence is contradictory of what the witness states at the trial. As to the degree of contradiction between the statements out of court, and those given in the testimony, it can not enter into consideration in determining the competency. *Seller* v. *Jenkins*, 97 Ind. 430. But there must be contradiction, and we are of opinion that, in order to make such testimony admissible, it must disclose some degree of contradiction when construed most favorably to the witness; otherwise every statement in reference to the matter under

investigation, made by the witness out of court, might become the subject of proof, and be distorted from its true meaning into some imaginary contradiction.

Tested by this criterion, it will not be so difficult to pass upon the competency of the rejected evidence. While it is true that the female is required to be of previous good repute for chastity, it does not follow that a single, or even repeated, acts of prior illicit intercourse will defeat a prosecution for criminal seduction.

Mr. Bishop says that, even under statutes that require *"previous chaste character"* on the part of the female (instead of *"good repute,"* which is the language of our statute), such chastity must be confined to the time of the seduction, " and though she has been unchaste, if she has reformed, she is chaste within the meaning of the statute." And he adds : " In reason, therefore, a single incontinent act does not necessarily, in law, take away a woman's ' previously chaste character ; ' for she may repent of it instantly and not repeat it." Bishop Stat. Cr., section 639.

Under a statute like ours, using the word " repute " instead of " character," specific acts of unchastity can not be shown, but the proof must be confined to that of reputation. Bishop St. Cr., section 639. See, also, *Lyons* v. *State,* 52 Ind. 426 ; *People* v. *Brewer,* 27 Mich. 134 ; *Boyce* v. *People,* 55 N. Y. 644 ; *Bowers* v. *State,* 29 Ohio St. 542.

The statement in the affidavit that the appellant seduced the prosecutrix on January 3d, 1889, may be literally true, therefore, and still the appellant may have had sexual intercourse with her, and may have begotten the child at a time prior to the date of the alleged seduction. When viewed in this light, therefore, the affidavit does not necessarily contradict anything that the witness testified to at the trial, and we can not say that the court erred in excluding it.

Upon cross-examination the question was asked the prosecuting witness if she had not in a conversation with Seb. Meritt, about the 14th of June, 1889, been asked this ques-

tion by him : " Did I quit in time?" To which she had answered : " It is none of your business." The question was objected to, and the objection sustained. In this ruling we can detect no error.

It was not shown how this statement would tend to impeach the witness, or throw any doubt upon her testimony. No connecting testimony was offered by which its materiality was made to appear, and we think the court did right in rejecting it.

Another question was asked the prosecuting witness, viz., " Were you not in the store of Seb. Merritt, in Scircleville, Indiana, on the 14th of June, 1889, when he asked you, ' Who are you going to stick ? ' to which you answered, ' None of your business ? ' "

The court correctly sustained an objection to this question. Just how the conversation came up, or what it had reference to, we are not informed. Nor does it appear that the court possessed such information. We can not assume that it referred to the paternity of the bastard child in question. Errors must be shown to exist affirmatively.

The appellant's counsel asked the same witness upon cross-examination this further question, which was likewise excluded, upon objection : " State whether you had a conversation with Warren Dunn, at your house in Scircleville, Indiana, a day or two before or day or two after the 14th of June, 1889, in which he said : 'Are you going to stick me for the child ? ' to which you answered, ' No ; ' and if he did not state at that time he was willing to marry you to settle the matter, to which you consented ? "

It is argued by counsel that this statement by Dunn amounts to an admission that he (Dunn) was the father of the child. But such an admission, even if conceded to be such, would not bind the prosecuting witness, nor would it tend to contradict anything to which she testified. Dunn was himself a competent witness, and if he knew anything that would throw light upon the questions involved in the

examination he should have been sworn and interrogated concerning such knowledge.   His absence, from whatever cause, will in nowise render hearsay testimony of his statements out of court, even when made in the presence of the prosecutrix, proper or admissible.   Nor does the phrase " to which you consented " make the proposed testimony proper. Whether the witness consented or not was at most but a conclusion, and not a fact.   No question had been propounded to the witness as to whether she had not laid the paternity of the child to Dunn, or whether she had sexual intercourse with him at a time to which might be traced the paternity of the child.   Had such questions been propounded to the witness and answered by her in the negative, the testimony offered might possibly have become material, but as it was we can not say that the court abused its discretion or prejudiced any rights of the appellant by rejecting it.

These are all the errors complained of.

Judgment affirmed.

Filed Jan. 20, 1892.