IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### JUNE TERM, 1896.

---

### WILLIAM B. FOLEY v. THE STATE.

In a trial on an indictment charging the defendant with the statutory offence of sexual intercourse "with a single female of good repute for chastity, under the age of twenty-one years," &c., proof that such woman had been unchaste with two other men was properly overruled as being irrelevant.

---

On error to the Essex General Quarter Sessions.

Argued at February Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the plaintiff in error, *Samuel Kalisch*.

For the state, *Elvin W. Crane*, prosecutor of the pleas.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This writ has brought before the court a conviction of the plaintiff in error of the offence denounced in the supplement to the Crimes act enacted March

VOL. XXX.                     1

30th, 1876. *Gen. Stat., p.* 1086, § 204. As the only exception taken to the procedure of the trial relates to the proper exposition of the language of the statute in .question, it is necessary that the section of the law to be construed should be recited. These are its terms, viz. : " That if any single man over the age of eighteen years,.under promise of marriage, shall have sexual intercourse with any single female of good repute for chastity, under the age of. twenty-one years, and she shall thereby become pregnant, any person so offending shall be guilty of a misdemeanor," &c., " but in such cases the evidence of the female must be corroborated to the extent required in case of indictment for perjury."

The state on this occasion made proof of all the statutory essentials of the offence charged, one of these being " the good repute for chastity " of the prosecutrix before and at the time of her seduction. In confutation of the evidence upon that subject the defence offered to show that on two occasions prior to the time in question she had sexual intercourse with different men. This offer was overruled, and the single question now to be decided is with respect to the legal correctness of that judicial action.

That the testimony thus excluded was illegal is, in the opinion of this court, entirely clear. We think it was illegitimate because it bore no relation whatever to the issue then trying. By force of the statute that issue was whether the prosecutrix was " of good repute for chastity ; " the offer was to show the immaterial fact that she was not a chaste woman. The crime consists, under the conditions stated, in the seduction of the woman, whether she be chaste or unchaste, provided she be chaste in public estimation. . The discrimination to be made, in view of the act, between the really chaste and the reputedly chaste female was briefly noticed in the opinion read in the Court of Errors in the case of *Zabriskie* v. *State,* reported in 14 *Vroom* 646. " There is a distinction," is the judicial declaration, " between actual personal virtue and ' good repute for chastity,' as used in our statute. The former may be preserved, while the latter is impaired by indiscreet

conduct. It does not necessarily follow that they are co-existent." This being so, it follows of course that the testimony presented by the defence had no legal significance. If it had been admitted it could not have affected the result.

Nor has the court been impressed by the argument of the counsel of the defendant upon this subject, which was to the effect that it is the obvious "spirit of the act to protect chaste and virtuous females." The plain fallacy of such a contention consists in this, that it disregards the fundamental rule of statutory exposition, which is that where the legislative language is unmistakably clear, that it is the duty of the court to enforce it in that sense without the least regard to results. The expressions here used are absolutely free from all obscurity or doubt. The description of "a female of good repute for chastity" is a definition of a class so plainly marked as to exclude all uncertainty, and such being the case this court cannot refuse to carry it into effect according to its terms. It is an instance in which it is the province of the court to interpret the language merely and to effectuate it in its literal signification.

Let the judgment be affirmed.