*Harmon, Colston, Goldsmith & Hoadly,* for the Twentieth Century Cash Register Co. and O. E. Robinson.

---

## CRIMINALLY SLANDERING A FEMALE.

[Circuit Court of Columbiana County.]

H. MITCHELL LAMBRIGHT v. THE STATE OF OHIO.

Decided, October Term, 1906.

*Criminal Law—Indictment Charging Criminal Slander of a Female—Evidence—As to the Specific Acts of Unchastity, Admissible in Defense, When—Section 6828, Revised Statutes.*

Under Section 6828 of the Revised Statutes, under an indictment charging that the accused used, uttered and published, a false and malicious slander of and concerning a female of good repute with intent to cause it to be believed that such female was unchaste, evidence offered by the accused of specific acts of illicit carnal intercourse on the part of the female which came to his knowledge immediately before the speaking of the words is admissible.

COOK, J.; BURROWS, J., and LAUBIE, J., concur.

Error to Columbiana Common Pleas Court.

H. Mitchell Lambright was indicted and convicted under Section 6828 of the Revised Statutes of the crime of using, uttering and publishing a false and malicious slander of and concerning a female of good repute, with intent to cause it to be believed that she was unchaste. The statute reads as follows:

"Whoever writes, prints or publishes any false or malicious libel of, or concerning another, or verbally uses, utters or pub-

lishes any false or malicious slander of or concerning any female of good repute, with intent to cause it to be believed that such female is unchaste, [shall] be fined not more than five hundred dollars, or imprisoned not more than six months, or both, but nothing written or printed shall be deemed a libel unless there is a publication thereof.''

During the trial the defendant offered to prove specific acts of illicit carnal intercourse on the part of the prosecutrix which came to his knowledge immediately before the speaking of the words. This offer was rejected by the court on the ground that only the general reputation of the female for chastity could be attacked. In this we think the court erred.

Reliance is placed upon the case of *Bowers* v. *The State,* 29 O. S., 542. That decision was made under Section 7022 of the Revised Statutes, which is entirely different from the statute upon which the indictment was based in this case.

Section 6828 provides that whoever ''verbally uses, utters or publishes any false or malicious slander of, or concerning, any female of good repute,'' etc.

In order to make the using, uttering and publishing of the words criminal, the words must be false or malicious. In this case they are averred to be both false and malicious. These averments, if necessary in charging the offense, must be proved.

The falsity of the words spoken raises a presumption of malice, and proof of their truth would tend to rebut the charge of malice. Evidence, therefore, showing that the female was, in fact, unchaste at the time of the speaking of the words, was competent as tending to disprove both charges in the indictment.

In an action for damages in a civil action for slander, under a plea of justification the defendant may prove that the words spoken were true, and it will be a complete defense. The plea of not. guilty puts in issue every material averment of the indictment; and we, therefore, hold that the evidence rejected was relevant and competent, and its rejection prejudicial error.

The judgment will be reversed and a new trial ordered.

*J. G. Moore* and *George E. Davidson,* for plaintiff in error.

*M. J. McGarry,* Prosecuting Attorney, for defendant in error.