## BILLS *v.* STATE OF INDIANA.

[No. 23,345. Filed May 1, 1918. Rehearing denied December 20, 1918.]

1. CRIMINAL LAW.—*Appeal.*—*Waiver of Errors.*—The failure of an accused to question the affidavit by a motion to quash for any specified defect, amounted to a waiver to question its sufficiency by an assignment of error on appeal. p. 722.

2. SEDUCTION.—*"Character" of Prosecutrix.*—*"Reputation."*—In a prosecution for seduction under §2354 Burns 1914, Acts 1905 p. 690, the question whether the prosecutrix was in fact chaste at the time of the alleged seduction is not in issue, the issue being her "reputation" for chastity; hence, evidence of specific acts of unchastity is not admissible, but the proof in that respect must be confined to her reputation. pp. 722, 724.

3. WITNESSES.— *Impeachment.*— *Character.*— *Remoteness.*—Evidence as to the bad general moral character of a witness twelve to sixteen years before the trial was not admissible under §529 Burns 1914, §505 R. S. 1881, as affecting her credibility, where there was an absence of evidence as to such character of the witness at or near the time of the trial. p. 724.

4. CRIMINAL LAW.—*New Trial.*—*Newly-discovered Evidence.*— *Materiality.*—A motion for new trial in a prosecution for seduction on the discovery of testimony that the prosecutrix was not in fact chaste was properly denied, since the reputation of the prosecutrix for chastity—and not her chastity—was material. p. 725.

From Johnson Circuit Court; *William E. Deupree,* Judge.

VOL. 187—46

Prosecution by the State of Indiana against Floyd J. Bills. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Walter L. Neible, William Featherngill* and *Ivory J. Drybread,* for appellant.

*Ele Stansbury,* Attorney-General, *Elmer E. Hastings,* and *Dale F. Stansbury,* for the state.

LAIRY, J.—Appellant was convicted of the crime of seduction as defined by §2354 Burns 1914, Acts 1905 p. 690. By that section of the statute the crime of seduction is defined as follows: "Any male person who, under promise of marriage, shall have illicit carnal intercourse with any female of good repute for chastity, under the age of twenty-one years, shall be deemed guilty of seduction."

Appellant assigns as error: (1) That the facts stated in the affidavit do not constitute a public offense; and (2) that the trial court erred in overruling 1. his motion for a new trial. Appellant did not question the sufficiency of the affidavit by a motion to quash for any defect which was pointed out. Under previous decisions of this court he thereby waived the right to question its sufficiency by an assignment of error in this court. *Robinson* v. *State* (1911), 177 Ind. 263, 266, 97 N. E. 929; *Hay* v. *State* (1912), 178 Ind. 478, 98 N. E. 712, Ann. Cas. 1915C 135.

Under his motion for a new trial several questions are presented for review. The decision of the questions presented depend on the construction to be 2. given to the statute on which the prosecution is based. Appellant proceeded at the trial on the theory that it was necessary for the state to prove that the prosecuting witness was a girl of chaste character at the time of the alleged seduction. By evidence offered he sought to prove conduct on the part of the

prosecuting witness indicating that she was not chaste, and several instructions were presented by which the court was requested to instruct the jury in accordance with appellant's theory of the law.   The court refused to adopt appellant's theory, and accordingly excluded the offered evidence and refused the tendered instructions.   In the admission and rejection of evidence and by its instructions the court proceeded on the theory that the question as to whether or not the prosecuting witness was in fact chaste at the time of the alleged seduction was not in issue, but that the real point in issue under the statute was her reputation for chastity. There is a distinction in meaning between character and reputation.   A person's character depends on the attributes which he in reality possesses, while his reputation depends upon the attributes which the people generally in the community believe him to possess.   It is possible that a woman may be of good repute for chastity, when she is not, in fact, chaste.   It must be presumed that the legislature advisedly employed the words "of good repute for chastity," instead of the words "of chaste character," or other words expressive of chastity as a reality.   It is argued that the meaning of the word "seduce" is to draw aside from the path of virtue or rectitude, and that a woman cannot be enticed or drawn aside from the path of virtue unless she is at the time honestly pursuing such a course and is in fact virtuous.   The logic of the proposition is apparent and numerous cases are cited to support it.   It must be borne in mind, however, that this prosecution is based on a statute which defines the elements of the crime with such certainty as to leave no room for construction.   Under this statute, if the female is of good repute for chastity and under twenty-one years of age, a male person who has carnal intercourse with her, in-

duced by a promise of marriage, is guilty of the offense defined.

In many of the states the statutes provide that the female shall be "of previous chaste character." Under such a statute specific acts of unchastity may be shown. *Kenyon* v. *People* (1863), 26 N. Y. 203, 84 Am. Dec. 177; *Polk* v. *State* (1883), 40 Ark. 482, 48 Am. Rep. 17; *People* v. *Brewer* (1873), 27 Mich. 134.

The rule, however, is different in states having statutes similar to ours. In such states the evidence must be confined to the general reputation of the

2. prosecuting witness for chastity, evidence of specific acts being excluded. *State* v. *Bryan* (1885), 34 Kan. 63, 8 Pac. 260; *Bowers* v. *State* (1876), 29 Ohio St. 542; *Foley* v. *State* (1896), 59 N. J. Law 1, 35 Atl. 105; *Lyons* v. *State* (1876), 52 Ind. 426; *Williams* v. *State, ex rel.* (1891), 3 Ind. App. 350, 29 N. E. 1079. In the case last cited it is said: "Under a statute like ours, using the word 'repute' instead of 'character,' specific acts of unchastity cannot be shown, but proof must be confined to that of reputation." The court did not err in excluding the offered evidence.

In view of the construction placed on the statute the instructions given by the court stated the law correctly, and the instructions tendered by appellant were properly refused.

Blanch Owens testified as a witness on the trial. Depositions of several witnesses were offered to prove that the general moral character of this witness was

3. bad in the neighborhood where she resided at a time twelve to sixteen years before the date of the trial. It is asserted that this evidence was competent as affecting the credibility of the witness. §529 Burns 1914, §505 R. S. 1881. The evidence as to the moral character of a witness as affecting his credibility should be limited to the time of the trial. *Rucker*

v. *Beaty* (1851), 3 Ind. 70; *Rogers* v. *Lewis* (1862), 19 Ind. 405. Some latitude is allowed as to time and place where the reputation of the witness is involved. *Memphis, etc., Packet Co.* v. *McCool* (1882), 83 Ind. 392, 43 Am. Rep. 71; *Pape* v. *Wright* (1889), 116 Ind. 502, 509, 19 N. E. 459. It has also been held that where there is evidence relating to the time of the trial, evidence as to reputation at times more or less remote is competent. *Pape* v. *Wright, supra; Hauk* v. *State* (1897), 148 Ind. 238, 261, 46 N. E. 127, 47 N. E. 465. There was no evidence offered as to the moral character of this witness at or near the time of the trial, and no authority can be found which authorizes the introduction of evidence to show reputation at a time so remote.

One of the grounds on which appellant relied for a new trial was that of newly-discovered evidence. The evidence which appellant claims he would be able 4. to produce on another trial could have no effect other than to show that the prosecuting witness was not a chaste woman at the time of the alleged seduction. As shown by the former part of this opinion, it is not material whether the prosecuting witness was, in fact, chaste or unchaste. In this particular, the material thing to be shown under our statute is that she was of good repute for chastity. The court did not err in refusing to grant a new trial on this ground.

Finding no error, the judgment of the trial court is affirmed.

NOTE.—Reported in 121 N. E. 465. See under (2) 35 Cyc 1314.