## PENNSYLVANIA RAILROAD COMPANY *v.* RIBKEE, ADMINISTRATOR.

[No. 14,091.   Filed January 29, 1931.   Rehearing denied May 1, 1931.
Petition for transfer withdrawn June 27, 1931.]

612

. *John L. Rupe, Clarence M. Brown* and *Newby & Newby,* for appellant.

*Scotten & Hinshaw, Colerick, Jackson & Parrish, Dorothy Steinmetz* and *Edward B. Henslee,* for appellee.

LOCKYEAR, C. J.—This action was brought against the appellant by the administrator of the estate of Francis A. Berry, deceased, for the benefit of the widow and minor children of the deceased, who were dependent upon him for support, wherein it is alleged the deceased was killed as the result of appellant's negligence. The action is brought under and by virtue of the federal Employers' Liability Act of April 22, 1908 (45 USCA §§51-59), and the acts amendatory and supplementary thereto.

The complaint alleges, in substance, that, on August 19, 1925, said Francis A. Berry was in the employ of the appellant as a brakeman, and, in obedience to the orders and directions of appellant and in the discharge of his duties, he was assisting in shunting and placing a car or cut of cars onto a side track of the appellant's railroad in the city of Anderson, Indiana; that, at the time complained of, the appellant carelessly and negligently failed and neglected to maintain its track and road bed at said place in a reasonably safe condition for use by its employees, by carelessly and negligently permitting the end of a cross-tie in its road bed to curl and protrude upward, and failed to maintain its road bed at said place in a safe condition; that, while the decedent was performing his duties as aforesaid, he stumbled on the end of said curled-up, twisted and defective cross-tie, and he was thereby struck by the car of the appellant which was being shunted on to the side track as aforesaid, and was run over and killed.

There was a trial before a jury, resulting in a verdict against the appellant for $10,000, upon which verdict judgment was rendered for said amount.

The errors that are properly presented for our consideration are: (1) error in overruling the appellant's demurrer to the complaint; (2) overruling of appellant's motion for a new trial, and the reasons presented by appellant's brief for a new trial are that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, also that the court erred in excluding certain evidence and refused to give a certain instruction to the jury requested by the appellant.

The act under which this action was brought makes the appellant liable in damages to the surviving widow and children of the deceased for injury to him while he is employed by appellant by reason of any defect or insufficiency due to its negligence in its tracks or bad road bed. The complaint alleges the dependency of the widow and children, the defect in the track and road bed, and the negligence of the appellant for failure to keep the track and road bed in a safe condition as above set out. We hold that the complaint states a cause of action under the Employers Liability Act, and the demurrer to the complaint was properly overruled, there being no motion filed to make the complaint more specific.

The major contentions in this case center around the testimony of one witness, Zale Wall, who was the only witness who saw the decedent fall under the car and saw him run over. Zale Wall testified that he had lived in Anderson four years and at Kokomo one year, where he resided at the time of the trial; at the time in question, he was standing at the gateway of an automobile junk yard adjoining the appellant's railroad tracks; he observed the train when it was switching; the conductor was in charge of the train. His testimony most favor-

able to appellee is as follows: "I think they cut off one car getting it out of the way to drag the other over. I saw Berry cut off the car, step down on the ground and start to run in front of the car to throw the switch and, in going to the switch to throw it, he stumped his toe on a crosstie that was broken where the rail goes over it and fell under the train and the two front wheels run over him. I observed that tie in the Pennsylvania Railroad before that time about three weeks before the accident." He told of seeing it a number of times.

A. C. Rucker, claim agent of the appellant company, testified that he went to the scene of the accident two days after it occurred with the witness Zale Wall; that Wall pointed out a tie which appeared to him as though Berry had stumbled over the end of that tie. The witness Rucker said it was level on the inside of the rail and also on the part which projected toward the outside; that the rail had not cut through nor had the tie plate cut through the top of the tie; and "the top of the tie was from one half less than two inches above the surrounding ground at the outer edge of the tie." The above statement is not clear and we cannot tell how high that tie did project above the ground.

The appellant contends that the accident could not have occurred as detailed by the witness Wall, for the reason that the deceased, on the way to the hospital, just before he died, said that his hand was sweating and his hand slipped on the handhold and he fell. This statement is not inconsistent with the statement of the witness Wall that he stumbled over the end of a crosstie. He may have stumbled and also his hand may have slipped at the same time.

The appellant also claims that the court erred in refusing to permit the appellant to prove by a certain witness

that, at Noblesville, where the witness Wall lived more than four years before the date of the trial, his reputation was bad. We do not think the court erred in the exclusion of this offered testimony, as the time inquired about was too remote from the time of the trial. *Walker* v. *State* (1841), 6 Blackf. (Ind.) 1; *Rogers* v. *Lewis* (1862), 19 Ind. 405; *Rawles* v. *State* (1877), 56 Ind. 433; *Sage* v. *State* (1891), 127 Ind. 15, 26 N. E. 667; *Bills* v. *State* (1918), 187 Ind. 721, 121 N. E. 465.

We, therefore, hold that there is some competent evidence in the record to support the verdict of the jury.

The appellant complains of the action of the court refusing to give instruction No. 6 requested by the appellant. Said requested instruction has in it the following statement: "The court instructs you, gentlemen, that in the modern methods of transportation and the increased introduction of machinery, rapidity of production and travel, accidents and injuries occur incident to such business of transportation and otherwise, when, under the ordinary rules of negligence, there is no negligence chargeable to the railroad or other company or individual charged with causing such accident and injury, nor upon the part of the persons charging, who may have been injured. There is, therefore, a class of cases which the law recognizes as accidental injury, and the law does not allow any recovery on account thereof." We cannot agree that modern methods of transportation in any way change the rules of law pertaining to negligence. We find no reversible error in the record.

Judgment affirmed.