Hart & Munson, Appellants, *vs.* Eastman & Gibson, Respondents.

The indorser of a non-negotiable note after maturity, is entitled to have the same presented for payment to the maker within a reasonable time after his indorsement, and to be notified of the non-payment.

An indorsement in the following words, " Eastman & Gibson, but not to be paid by us in any event within one year from date, June 30, 1859," does not justify the indorsee to delay the presentment and demand of payment until the expiration of a year from the date of the indorsement. The effect of such an indorsement is simply to postpone the payment of what may become a fixed obligation at an earlier day.

A statement on the part of an indorser to the indorsee, that the maker had no funds and would not pay the note when presented, does not relieve the indorsee from his obligation to make due presentment and give notice of dishonor to the indorser.

One year after the indorsement of such a note is an unreasonable time to wait before presenting the same to the maker for payment, and such delay discharges the indorser.

The question of what is a reasonable time in such cases, is one of mixed law and fact, and goes to the jury under the instructions of the Court when the evidence leaves any doubt whether the time is or is not unreasonable, or the delay excusable; but when the delay is so great as to leave no doubt that the demand and notice was not within a reasonable time, and the evidence given in exculpation forms no excuse in the law, the Court should instruct the jury to find for the Defendant

A party to an action may be examined as a witness by commission in his own behalf.

An order allowing a commission to issue which does not show on its face whether it was made in term, will be presumed to be regular until the contrary appears.

## Points and Authorities of Appellants.

I.—The Regents had power to make a negotiable promissory note. *2d vol. Kent's Com., p.* 278, *note a; Attorney General vs. Life & Fire Ins. Co.,* 9 *Paige Ch.,* 470; *Moss vs. Oakley,* 2 *Hill,* 265; *Kelly vs. The Mayor, &c., of Brooklyn,* 4 *Hill,* 263; *Barker vs. Mechanic Fire Ins. Co. of N. Y.,* 3 *Wend.,* 94; *Angell & Ames on Cor., secs.* 257-58; *Barry vs. Merchants' Exchange Co.,* 1 *Sandf. Ch.,* 280; *Mutual Ins. Co. vs. Davis,* 2 *Kernan,* 569.

II.—The evidence admitted as against Eastman & Gibson shows conclusively that the Board of Regents ratified the act of Steele and Atwater in executing the notes as their agents. See *case,* fol. 65.

III.—In order to charge Eastman & Gibson as endorsers, it is immaterial whether the Regents were authorized to make

the notes or not, or whether Steele and Atwater had authority to sign for the Board ; because Eastman & Gibson, by their endorsement, warranted the genuineness and validity of the notes, and the capacity of the maker to make them.    Even if the notes were absolutely void in their inception, Eastman & Gibson, after having indorsed them to the Plaintiffs who took them in good faith, could not defend on that ground. 3 *Kent's Com.*, *p.* 88; *Story on Bills*, *secs.* 110-11; *Story on Promissory Notes*, *sec.* 135; *Byles on Bills*, 118, *and cases cited*; *Edwards on Bills and Prom. Notes*, *p.* 289-90; *ib.*, *p.* 337, 57; *McKnight vs. Wheeler*, 6 *Hill*, *p.* 492; *Lambert vs. Oaks*, 1 *Lord Raymond*, 443; *Edwards vs. Dick.*, 6 *Eng. Com. Law*, 455, (4 *Barn.* & *Adol.*, 212); 1 *Parsons on Con.*, *p.* 220, *and cases cited*; *Chitty on Bills*, *p.* 110, 116.

IV.—If it should be held that the notes were illegal and void in their inception, the indorsee can recover against his immediate indorser without demand and notice.    It is like drawing upon a drawee who has no funds.   *Chandler vs. Mason*, 2 *Vt.*, 193, *and cases cited*; *Edwards on Bills and Notes*, 640, 646.

V.—The simple endorsement and transfer of an over due note is equivalent to the endorsement of a note payable on demand, and gives rise to the same relations between the parties.   *Leavitt vs. Putnam*, 3 *Comstock*, 494, *and cases cited.*

VI.—The notes in this case were drawing interest, and were a continuing security ; and demand and notice at the end of the year from the date of the endorsement was sufficient to charge the endorsers, and the Court erred in not so instructing the jury as requested by Plaintiff's counsel.

1st. Because the contract of endorsement by its terms does not contemplate demand and notice till the end of a year. See *Bayley vs. Buzzell*, 19 *Maine*, (1 *Appleton*) 88.

2d. Because in order to charge the indorser, the indorsee of a note drawing interest payable on demand need not present the note within any particular time, and the indorser cannot avail himself as a defence of the delay of the holder in making demand and notice.   See the late case of *Merritt vs. Todd*, 23 *New York R.*, *p.* 28, where the above principle is elaborately discussed and directly decided.

VII.—But even if the Court should hold that it was necessary to make demand within a reasonable time, the question of reasonable time in such cases is a mixed one of law and fact, and was properly submitted to the jury under the instructions of the Court, and the instructions given to the jury were correct.

The Court charged in substance,—

1st, That if the jury find· from the evidence that payment of the notes was demanded and notice of non-payment given within a reasonable time after the transfer to Plaintiffs, under all the facts and circumstances of the case, Eastman & Gibson are liable.

2d. That as a mere question of time without reference to any facts and circumstances in the case the time between the transfer of the notes to Plaintiffs, and presentment and notice, is not a reasonable time.

3d. That if the jury find from the evidence that the delay in the presentment and notice was induced by statements or representations made by Eastman & Gibson to the Plaintiffs, then the jury may take those statements or representations into consideration in determining whether such presentment and notice was within a reasonable time.  See *fol.* 97-8.

This left the facts to be found by the jury, and the law as laid down by the Court to be applied to those facts.

The Respondents in maintaining that this question should not have been submitted to the jury at all, seem to confound evidence with facts.  The jury must weigh the evidence and determine what facts are or are not established by it.  And in this case the evidence was such as to warrant the jury in finding that the delay was with the express assent of Eastman & Gibson.  See *Farnham vs. Davidson,* 3 *Cush. R.,* 232; *Taylor vs. Bryden,* 8 *John. R.,* 173; *Harris vs. Robinson,* 4 *How. U. S. S. C. R.,* 345; *Byles on Bills, p.* 140, (*marginal*); *Story on Bills of Exchange,* sec. 231; *Gould's Pleadings, ch. IX, part II,* sec. 50.

VIII.—The verdict is fully supported by the evidence, and it is clear that justice has been done.  *Sanford vs. Mickles et al.,* 4 *John.,* 227.

IX.—The deposition of Alexander C. Hart was properly

admitted.   Every presumption is in favor of the jurisdiction of a court of general jurisdiction and of the validity of its orders.

Points and Authorities for Respondents.

I.—The Court below, on the trial, erred in admitting the deposition of the Plaintiff Hart.

1st.  Because it is not competent to use the deposition of a party to an action in his own behalf.

2d.  Because the order for issuing the commission to take the said deposition was not made at any general or special term of the Court.

II.—The Court below, on the trial, erred in admitting the pretended letters of the Defendants Eastman & Gibson.

1st.  Because there was no evidence that they were written by said Defendants.

2d.  Because they were immaterial and inadmissible under the issue.

III.—The Court properly refused to charge that demand and notice at the end of the year after the endorsement, was sufficient to charge the Defendants as endorsers.  This endorsement is restrictive and not an enlarged endorsement.

IV.—The Court properly charged the jury that the evidence showed that the demand and notice were not sufficient to hold the Defendants as endorsers.

V.—The Court erred in charging the jury that they might consider any evidence of a waiver of demand and notice.   1 *Minn.*, 48; 1 *Kern.*, 25; 4 *Sand.*, 665.

VI.—Even if the issue of a waiver had been made in the pleadings, the facts being uncontroverted, it was an issue of law for the Court, and the evidence does not show a waiver.

VII.—The power and right of the Regents to make these notes depending upon a public statute of this State, the Plaintiffs were charged with notice of the extent of that power; and the contract of indorsement being wholly by implication

of law, the law will not imply that the endorsers guaranteed anything which the statute did not authorize.

Bond & Clark, Counsel for Appellants.

D. A. Secombe, Counsel for Respondents.

*By the Court*—Flandrau, J.—The character of the notes sued upon in this action, was decided in the appeal taken by the Regents of the University, from the order denying them a new trial. They are, by reason of the provisions contained in the charter of the University, not negotiable notes in a commercial sense. They are, by necessity, drawn upon a certain fund which is provided by the Legislature to the Regents, and to which fund their expenditures are strictly confined. *Regents of University vs. Hart & Munson, ante p.* —

The notes were dated on the 24th day of February, 1859, payable to the order of Alden, Cutter & Hull, in three and four months. The payees, before the maturity of the notes, endorsed them, waiving demand and protest, &c. On the 30th day of June, 1859, after the notes had become due, the Defendants, Eastman & Gibson, endorsed them as follows:

"Eastman & Gibson, but not to be paid by us in any event within one year from date. June 30th, 1859."

The meaning of this qualifying clause in the endorsement of Eastman & Gibson, is this. That they were not to pay the notes within a year from June 30th, 1859, whether their liability became fixed by failure of the makers or not, prior to that time. It waives nothing on their part; it confers no advantage upon their endorsees, but, on the contrary, stipulates for a decided benefit to themselves in the postponement of the payment for a year certain, when without such stipulation they might have been sued at once, after demand and refusal on the part of the makers.

Having considered the nature of the instrument endorsed, and the character of the endorsement, let us examine the relative liabilities and obligations that were created between the endorser and his indorsee. The notes were non-negotiable and past due when endorsed, and the endorsement is the

same in effect as if the names of the endorsers had been simply written on the back of the note.

In the case of *Helfer vs. Alden, Cutter & Hull,* 3 *Minn., R.* 332, we examined the question of the liability of an endorser of non-negotiable paper, and concluded that as between himself and his immediate endorsee, the endorsement operated in legal contemplation, as the drawing of a bill of exchange. That it was the request of the endorser that the maker (who stands in this respect very much in the situation of an acceptor) would pay the amount to the endorsee. That it might be treated with strict propriety as an authority given to the endorsee to receive the money due on the note, and also as an undertaking that it shall be paid to him upon due presentment, and therefore as involving, in case of dishonor and due notice thereof, the ordinary responsibility of an endorser of negotiable paper. One of the distinctions between the endorsement of a negotiable and a non-negotiable note, is this. That the contract in case of the former extends through all subsequent endorsements to the holder, who may sue upon it all who precede him ; while in the case of non-negotiable paper, the privity of contract is confined to the endorsee and his immediate endorser, unless there are words used in the endorsement that would extend it to subsequent hands. In this case, Eastman & Gibson are the immediate endorsers of the Plaintiffs. *Story on Promissory Notes, Sec.* 129.

The Defendants were entitled to notice of non-payment by the makers, and the note being over due when endorsed, we have to determine at what time it should have been presented for payment. The rule is that it must be presented within a reasonable time, and, that what is a reasonable time, is a mixed question of law and fact to be submitted to a jury under the instructions of the court. *Byles on Bills,* 165. This rule is of course based upon the fact that the evidence introduced on the subject, leaves a doubt for the jury to solve by their verdict ; for if the evidence established a state of facts that left no doubt upon the subject, the Court would instruct the jury to find one way or the other. For instance, suppose great delay had been suffered in the presentment of a note, and the evidence offered in excuse was, that the holder knew

the maker to be insolvent, and that the note would not be paid. This, if uncontradicted and admitted to be true, would form no excuse whatever for the non-presentment of the note, for, as the books say, notwithstanding the insolvency the note might have been paid by the maker, or some friend for him. *Story on Promissory Notes*, 286*th Section*. In a case such as the one supposed, the instructions of the Court would be that the evidence formed no excuse for the delay. Where nothing appears in a case except the period of time which has been allowed to elapse, the Court should instruct the jury how to find. It is said by Mr. Story that " equivocal acts or conduct or language on the part of the indorser not intentionally or fraudulently designed to mislead, or knowledge on his part, that the note, if presented to the maker will not be paid at the maturity of the note, will not constitute any excuse for the want of due presentment thereof. The reason of the former part of the rule is, that equivocal acts, or conduct, or language may not be intended by the endorser to dispense with the ordinary requirements of law as to presentment. The reason of the latter is, that knowledge that the note will not be paid, is not the same as notice that it has not been paid ; and that due presentment being a part of the implied obligations of the holder to entitle him to charge the indorser, the latter has a right to insist upon a strict fulfillment thereof, and it is no proof that he dispenses with it merely to say that it would be unavailing." *Story on Promissory Notes,* *Sec.* 287.

Now, what was the proof upon which the Plaintiffs seek to relieve themselves for having delayed presentment and notice for more than a year ? Nothing more than a few statements in some letters written by the Defendants, Eastman & Gibson, to the Plaintiffs, to the effect that the University had no funds. If they had told the Plaintiffs directly that the notes would not be paid, we have shown that it would have afforded no excuse for not presenting them for payment at the proper time. The true reason undoubtedly was, that the plaintiffs were misled by the terms of the indorsement, and supposed that they were not obliged to demand payment of the makers until the expiration of a year from the date of the indorse-

Hart & Munson v. Eastman & Gibson.

ment. This, however, we have shown was not the case.

The Court submitted the case to the jury under instructions that as a mere question of time, the delay was unreasonable, but that where the fact is in issue what a reasonable time is, it becomes a question for the jury to determine under the instructions of the Court upon all the facts and circumstances of the case, as they appear in evidence.

The jury having found that the delay was not unreasonable, must have based their finding upon the testimony contained in the letters, the Court having instructed them that the time alone, independent of such testimony, was unreasonable. The finding, therefore, as we have shown, is not supported by the evidence, because, admitting it all to be true, and much less equivocal than it was, it makes out no excuse. The Court corrected this error on the motion for a new trial.

There is one other question made by the Defendants, Eastman & Gibson, which we will notice. It was made once before, in the case of *Tyson & Co., vs. Kane & Co., 3 Minn. R.*, 387. We considered it at that time, but it did not become necessary to decide it. It is whether a party can be examined as a witness by commission, in his own behalf? The statute (*Comp. Stats.* 681, *pp.* 50, 51, 52,) declares who may and who may not be witnesses, and places a party on the same footing, exactly, as any other witness, and the same statute provides (*Sec.* 8, *p.* 675, *and Sec.* 25 *p.* 677-8) for taking depositions, without making any distinction between witnesses. Some reasons may be urged why a party should be always in court to prosecute or defend his cause, but there are many, on the ground of convenience and expense, why he should not be compelled to in all cases. The statute not making any difference between witnesses, we do not feel justified in creating one.

The order allowing the commission will be presumed to have been regularly made.

The order granting a new trial is affirmed.

NOTE.—Justice Atwater having acted as Secretary of the University in the execution of the notes in suit, took no part in the decision,