[Filed May 13, 1889.]

# ROBERTS *v.* PARRISH.

PRACTICE — DEPOSITION BY PARTY IN HIS OWN BEHALF — WITNESS. — A person who is a party to an action is also a competent witness therein, and his deposition may be taken in his own behalf in any of the cases specified in section 814, Hill's Code, applicable to the circumstances or condition of such witness.

DEPOSITIONS TAKEN BY ADVERSE PARTY. — Subdivision 1, section 814, Hill's Code, confers the power and authority on either party to an action or proceeding to take the deposition of "the adverse party." It confers a right that has no existence outside of this statute, but it in no manner restricts the right of either party to take the deposition of any witness in the cases enumerated in the section.

DEPOSITION — BILL OF EXCEPTIONS. — The recital in the bill of exceptions that a certain deposition is made part of it is ineffectual for any purpose, unless such deposition is annexed to the bill of exceptions, and in some manner marked or identified as an exhibit.

MOTION FOR NONSUIT — BILL OF EXCEPTIONS — EVIDENCE. — Unless the bill of exceptions shows upon its face that all the evidence before the jury at the time the motion for a nonsuit was made is included therein, this court will not review the action of the court below in overruling such motion.

INSTRUCTIONS NOT WARRANTED BY FACTS. — However correct instructions may be as abstract propositions of law, if they are inapplicable to the facts in evidence in the particular case, they are properly refused.

PROMISSORY NOTE — INDORSEMENT FOR COLLECTION. — The indorsement of a promissory note for collection passes such title to the indorsee as will enable him to sue thereon in his own name, though he paid nothing for such note, but in such case he will hold said note subject to the same defenses that could have been made to it in the hands of the original payee.

APPEAL from Wallowa County.

*J. D. Slater,* for Respondent.

*C. H. Finn,* for Appellant.

STRAHAN, J. — The complaint in this case contains three counts. The first is on a negotiable promissory note made by the defendant to Jane Roberts for $105, dated August 22, 1881, and due one year after date, and indorsed and delivered by the payee to the plaintiff on the twenty-eighth

day of July, 1881. On this note two payments are alleged: Interest up to June 12, 1884, and twenty-two dollars paid January 22, 1887. The second cause of action is on a non-negotiable note for $115.50, dated July 15, 1882, payable to Jane Roberts. It is alleged that this note was sold, assigned, and transferred to the plaintiff by the payee on the twenty-eighth day of July, 1887, for a valuable consideration, and it is alleged that the interest had been paid thereon up to June 12, 1884. The third cause of action is on a negotiable promissory note dated October 5, 1881, for $175, and interest at ten per cent, and due one year after date. It is alleged that the interest was paid on this note up to the twenty-sixth day of December, 1885, and the further sum of $176.19 paid thereon September 13, 1887.

The answer to the first cause of action denies the indorsement to the plaintiff, and then alleges payment of said note to Jane Roberts before August 1, 1884. The answer to the second cause of action is a denial of the execution of the note therein set out, "except as specially admitted," and then payment is alleged to Jane Roberts on the first day of August, 1884. The execution of the third note is also denied; but the answer is silent as to the payments thereon alleged by the plaintiff. The answer then alleges that on or about June 20, 1884, the defendant paid Jane Roberts, the alleged payee of the first two notes sued on, the sum of $353 in full of all demands against the defendant and in her favor, including all notes, accounts, and claims then held or owned by said Jane Roberts against him, and set out and mentioned in plaintiff's complaint, and while she was the holder thereof, and in full of all accrued interest thereon, and that she then and there undertook and agreed to cancel the same and all demands alleged and pretended to be transferred by her to the plaintiff. It is then alleged, in substance, that Jane

Roberts, between the first day of May, 1882, and the thir-tieth day of July, 1884, became and was indebted to the defendant in the sum of $353 for services, board, washing, and pasturage, all of which were furnished to and for her at her special instance and request, and that said Jane agreed and promised to pay the same, which said counter-claim became due and payable prior to the twentieth day of June, 1884, and that the same remains due and payable, except $108 paid prior to July 2, 1887, and that said Jane agreed to and with defendant that said $353 and interest should be used in the satisfaction of her claims against the defendant, including all those sued on herein.

Defendant demands judgment for costs, and that the notes mentioned in complaint be canceled and declared satisfied and delivered to the defendant. The reply denies the new matter in the answer. A trial resulted in a ver-dict and judgment in favor of the plaintiff for the sum of $153.50, from which judgment the defendant has appealed to this court.

The appellant has assigned in his notice of appeal the following errors upon which he intends to rely: 1. Error in the court in allowing the plaintiff's depositions to be read upon the trial; 2. In permitting interrogatories 6, 8, 9, 10, 11, 13, and 14 of the deposition of John Roberts to be read in evidence to the jury, — each of said inter-rogatories is copied into the notice of appeal under this assignment, but the answers given thereto nowhere appear in the notice; 3. In overruling the appellant's motion for a nonsuit; 4. In refusing to give the jury this instruc-tion: "The jury are instructed that when a deposition is taken *ex parte*, though after notice, and the witness there-after was not subjected to cross-examination, the language used by him would be suspiciously regarded"; 5. In refus-ing to give the jury this instruction: "The jury are instructed that when a promissory note is assigned without

consideration therefor, the assignee takes it as a mere volunteer, and holds it subject to all its infirmities, the same as if he had actual notice of them at the time of the assignment"; 6. In refusing this instruction: "If the jury believe, from the evidence, that the plaintiff, before he purchased said notes, knew, or as an ordinarily prudent man had reason to believe, from circumstances brought to his knowledge before he purchased it, that the defendant had or claimed to have a defense to said note, or to some part of it, then the plaintiff is not an innocent holder of said note, there being evidence of such knowledge offered by the defendant at the trial."; 7. In refusing this instruction: "If the jury believe, from the evidence, that the plaintiff is not an innocent holder of said *note*, as explained in these instructions, then the defendant is entitled to set up the same defense to it that he could have set up if the suit had been brought by the payee of said notes"; 8. In instructing the jury, in substance, that the indorsement of a note for collection gave the indorsee such title thereto as enabled him to sue thereon in his own name. We will now proceed to notice such of these assignments of error as are deemed important.

1. The first error relied upon by the appellant is the introduction of the deposition of the plaintiff, John Roberts. The testimony of this witness was taken by deposition and offered and admitted on the trial in his own behalf, and the appellant's contention now is, that the plaintiff's deposition could not be taken in his own behalf. This depends upon the construction to be given certain sections of the code. Section 709 defines who is a witness as follows: "Section 709. A witness is a person whose declaration under oath or affirmation is received as evidence for any purpose, whether such declaration be made on oral examination or by deposition or affidavit." And section 710 authorizes all persons to be witnesses, except

as otherwise provided in title 3, who, having organs of
sense, can perceive, and, perceiving, can make known their
perceptions to others.   Therefore, neither parties, nor other
persons who have an interest in the event of an action,
suit, or proceeding, are excluded, nor those who have been
convicted of crime, nor persons on account of their opin-
ions or religious belief.   Section 814 of the code provides:
"The testimony of a witness, in this state, may be taken
by deposition, in an action at law, at any time after the
service of a summons or the appearance of the defendant;
and in a special proceeding, after a question of fact has
arisen therein in the following cases: 1. When the wit-
ness is a party to the action or proceeding by the adverse
party; 2. When the witness's residence is such that he is
not obliged to attend in obedience to a subpœna, as pro-
vided in section 795; 3. When the witness is about to
leave the county and go more than twenty miles beyond
the place of trial; 4. When the witness, otherwise liable
to attend the trial, is nevertheless too infirm to attend."

There is no doubt that before a deposition can be read,
it must have been taken pursuant to some provision of
this section, if taken in the state; but I am unable to agree
with the appellant's construction that where the witness
is a party to the action, his deposition can *only* be taken
by the adverse *party*.   The proper construction of these
provisions of the code does not seem to be free from diffi-
culty, but I am inclined to the opinion that subdivision 1
of section 814 grants a right to either party to compel his
adversary to give his deposition.   This right has no exist-
ence independent of this statute, and its sole purpose was
to declare and secure that right.   It was this and some
other similar provisions in the code that have rendered bills
of discovery absolute, or, at least, that were designed to take
their place, and to extend the field of inquiry from suits
in equity to actions at law.   A person by being a party to

an action is not deprived of the right to be *a witness*, and
the testimony of any *witness* may be taken by deposition
in the cases specified in section 814. It does not affirma-
tively appear from the bill of exceptions under what par-
ticular clause of this section the deposition was taken. It
is silent on that subject, but we must intend on this appeal,
if the plaintiff could give his deposition at all in his own
behalf that he did so under some one of the subdivisons
of said section. I think therefore that the first assign-
ment of error cannot be sustained. This construction is
adopted with the less hesitancy, for the reason it is the
one which has been generally accepted and acted upon by
the bench and bar in this state ever since the code was
enacted, but no reported case can be found wherein this
precise question has been considered by this court.

2. The second assignment of error relates to several
questions which it is said are contained in the deposition
of John Roberts. It cannot be overlooked that the objec-
tion is, that the court allowed the questions to be read.
The objection does not include the answers to such ques-
tions. I think it would be conceded that if the answers
to the questions were not read, the questions were harmless,
—the questions without the answers could not possibly
have injured the appellant. But we do not wish to dispose
of this objection on any merely technical ground if it can
be avoided. We have therefore endeavored to look into
the deposition itself to see what aid might be derived from
that source, but find ourselves unable to do so, for the
reason the deposition is not made a part of the bill of ex-
ceptions. It is true the bill of exceptions recites that the
" deposition is made a part of the bill of exceptions," but
that alone will not suffice. To become a part of the record,
it must be either copied into the bill of exceptions or
attached to the same as an exhibit, and marked so that
the same may be identified. (*Morrison* v. *Crawford*, 7 Or,

472.)  What is claimed to be the deposition of the plain-
·tiff in this case is not even attached to the bill of excep-
'tions, but is copied and sent up with a large mass of other
useless matter.  We cannot therefore determine whether
the answers to those questions were prejudicial to the
appellant or not.

3.  The third assignment of error is equally untenable.
Having reached the conclusion that the depositions are
no part of the bill of exceptions, we cannot review the
ruling of the court in refusing to grant a nonsuit.

4.  The fourth assignment of error was not insisted
upon in the argument, and will not, therefore, be further
noticed, except to say that the instruction asked was
properly refused.  It was in the nature of a comment on
the evidence, which the court could not have properly
made.  This was evidence which it was the peculiar prov-
ince of the jury to weigh and consider.

5.  The instruction mentioned in the fifth assignment
of error was also properly refused.  However appropriate
in a proper case, it had no application to the facts dis-
closed by this record.  Neither the pleading nor the evi-
dence, so far as appears from the record, point out any
infirmities in these notes.  There was no claim on the
'part of the plaintiff that he was protected against any de-
.fense the defendant could have made against the original
payee of the notes, and therefore this instruction was inap-
plicable.  Whatever defense the defendant had was set up
in his answer, and was passed upon by the jury.  It does
not appear that the fact that the notes were sued upon by
an indorsee in any manner embarrassed or hindered the
defendant in making his defense, and we must therefore
hold there was no error in refusing this instruction.

6.  The same remarks dispose of the sixth and seventh
assignments of error.

7.  The eighth assignment of error presents the question

whether or not the indorsement of a promissory note for the purposes of collection passes such title as enables the indorsee to sue thereon in his own name, and we are of the opinion that it does. (2 Randolph on Commercial Paper, secs. 726, 735; Van Santvoord's Pleading, 115.) The latter authority thus states the principle: "The holder of a promissory note is presumed to be the owner and real party in interest within the meaning of the code. The production of the note and proof of signature of the maker and indorser is sufficient, without showing value given, even though the note was received after due."

It follows that the judgment of the court below must be affirmed.