[No. 4714.]

DOHERTY v. HEALY.

1.  Practice in Civil Actions—Deposition of Party to Action—
    When Absent from State.

Under section 4882 of Mills' Ann. Stats., providing that neither parties nor other persons who have an interest in the event of an action or proceeding shall be excluded, and section 341, Mills' Ann. Code, providing that the deposition of a witness in the state may be taken when such witness is a party to the action or a person for whose benefit the action or proceeding is prosecuted or defended, and section 348 of Mills' Ann. Code, providing that the testimony of a witness out of the state may be taken by deposition in an action any time after the service of summons or the appearance of defendant, the deposition of a party to an action may be taken when he is out of the state. —P. 463.

2.  Appellate Practice—Conflict of Evidence—Judgment.

Where there is a direct conflict of evidence, if there is evi-dence to support the judgment, the findings of the trial court will not be disturbed on appeal.—P. 464.

*Appeal from the District Court of Clear Creek County.*

*Hon. A. H. De France, Judge.*

Action by Benjamin B. Healy against William F. Doherty. From a judgment for plaintiff, defendant appeals.          *Affirmed.*

Mr. HUGH BUTLER, for appellant.

Mr. A. D. BULLIS, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court:

The action was brought by Healy to quiet title to certain lots in Idaho Springs in which Doherty claimed an interest. The title to the property in question at one time stood in the name of one Allan B. Wrisley, who had taken a deed absolute on its face from Doherty in the year 1885. Doherty held

an equitable interest in the property, and in the year 1886 induced Wrisley to execute an absolute deed to Healy. Healy then paid the amount due· Wrisley as well as certain other debts of Doherty's and made improvements upon the property, Doherty doing certain work thereon himself. In 1889 Doherty found a purchaser for the property, and it was sold for the consideration of fifteen thousand dollars. Notes to the amount of ten thousand dollars were executed by the purchaser to Healy, while Doherty was given a stock of hardware valued at about five thousand dollars. Healy took a trust deed back to secure the payment of the notes, and, default having been made, the property was sold under the deed of trust, Healy becoming the purchaser at the trustee's sale, in the year 1894. The property has been in the possession of Healy since 1894. Action was brought in December, 1900. From a judgment in favor of the plaintiff, the defendant appeals.

The specific errors argued are that the court erred:

1. In refusing to quash plaintiff's deposition.

2. In finding for the plaintiff, and in refusing to find for the defendant.

Before entering upon the trial of the cause, counsel moved to suppress the deposition of the plaintiff. We shall not consider the objections which go to the validity of the commission for the reason that the commission is not contained in the abstract, and we shall presume that the court had authority to issue it and that the person before whom the testimony was taken was properly empowered. Counsel contends that the statute which authorizes the taking of depositions outside of the state refers to witnesses only, and not to parties to the suit. This point was raised in the case of *Railroad Company v. Pollard,* 22 Wallace 341. In that

case the deposition of the complainant had been read over the objection of the defendant. Although counsel conceded that the complainant might testify orally, he claimed that he could not testify by deposition. The chief justice, in disposing of this point, said: "We have decided at the present term, in *Texas v. Chiles*, that in the courts of the United States parties to a suit are by acts of congress put upon a footing of equality with other witnesses, and are 'admissible to testify for themselves, and compellable to testify for others.'"

The syllabus is as follows: "In courts of the United States, under section 858 of the Revised Statutes, which enact * * * that in those courts no witness shall be excluded in any civil action because he is a party to or interested in the issue tried, parties to a civil suit * * * may testify by deposition as well as orally, there being, under the act of congress, no difference between them and other persons having no interest in the suit."

In *Hart et al. v. Eastman et al.*, 7 Minn. 74, the court said: "The statute * * * declares who may and who may not be witnesses, and places a party on the same footing exactly as any other witness, and the same statute provides * * * for taking depositions, without making any distinction between witnesses. Some reasons may be urged why a party should be always in court to prosecute and defend his cause, but there are many, on the ground of convenience and expense, why he should not be compelled to in all cases. The statute not making any difference between witnesses, we do not feel justified in creating one."

To the same effect is the case *Roberts v. Parish*, 17 Ore. 583.

In *Abshire v. Mather*, 27 Ind. 381, the court says: "But it is claimed that the deposition of a party to a

suit cannot be taken; that parties must appear in person to give their evidence. We think otherwise. When a party to a suit becomes a witness for himself, he stands as any other witness, except as to his credibility.—*Fox v. Reynolds*, 24 Ind. 46. When the statute makes parties to a suit competent witnesses, their testimony can be taken in the same manner as the testimony of other witnesses."

The statutes of this state, section 4882, Mills' Annotated Statutes, declare: "Neither parties nor other persons who have an interest in the event of an action or proceeding shall be excluded." This is practically the same language employed in the federal statute that is construed by the supreme court to authorize testifying by deposition. In the enumeration of cases in which the testimony of a witness in the state may be taken by deposition, section 341, Mills' Annotated Code, declares such testimony may be so taken "when a witness is a party to the action or proceeding, or a person for whose immediate benefit the action or proceeding is prosecuted or defended." Section 348 provides that the testimony of a witness out of the state may be taken by deposition in an action, at any time after the service of the summons or the appearance of the defendant. Counsel says that the clear inference to be drawn from these sections is that a party can give his testimony by deposition only when he is within the state. We cannot place such construction upon the statute. No distinction being made in section 348 between witnesses and parties, we must hold, following the decisions we have cited, that the testimony of any person out of the state may be taken by deposition.

The testimony supported the allegations of the complaint and replication, and the court found that there had been a settlement between the plaintiff

and the defendant at the time the property was sold. The defendant insists that there has never been an accounting between plaintiff and the defendant, and that he is entitled to have an accounting, and that the judgment should be reversed because the court refused to order an accounting as prayed for in the cross-complaint. If the accounts between the plaintiff and defendant were settled at the time of the sale of the property, and if, by the delivery to him of the stock of hardware the defendant received the amount due him from the plaintiff, he was not entitled to an accounting. There was a direct conflict between the statements of plaintiff and the defendant. The court found the issues for the plaintiff. There being evidence to support the judgment, we shall not disturb it.

CHIEF JUSTICE GABBERT and Mr. JUSTICE CAMPBELL concur.