GEORGINA LUISA LÓKPEZ FINLAY, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, ROBERTO H. TODD JR., JUDGE, Respondent.

No. 1207. Argued March 25, 1940.—Decided May 7, 1940.

*Daniel Pellón Jr., Federico Acosta Velarde* and *Mariano Acosta Velarde,* for petitioner. *Monserrat, de la Haba & Monserrat* for defendant in the main action.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Georgina Lókpez Finlay originally filed in this court a certiorari petition in an action prosecuted by her in the District Court of San Juan against Víctor Luis Lókpez and Amelia Palmieri for nullity of a loan secured by mortgage.

She maintains that the writ lies because "the District Court of San Juan, by overruling the opposition set up by the plaintiff to the application for taking the testimony of codefendant Víctor Luis Lókpez by deposition, infringed section 504 of the Code of Civil Procedure in so far as the

court was not duly shown the necessity and materiality of the testimony of said witness, also because there is no provision in our codes authorizing the taking of the deposition of a party, and because although we supposedly admitted that under our statutes the testimony of a party could be taken by deposition, due to the fact that Víctor Luis Lókpez resides abroad, strict compliarce must be had with section 504 of the Code of Civil Procedure, it appearing further that Víctor Luis Lókpez is incapacitated to testify in the case under the Act of March 10, 1904.''

Upon the issuance of the writ the record was sent up and the interested parties were heard through their counsel on March 25 last.

The application for the deposition was filed in the district court on January 8, 1940. It was therein alleged:

''*First*.—That the present case is almost ready for trial, but the defense of the right of this defendant indispensably requires the testimony of codefendant Dr. Víctor Luis Lókpez who is at present temporarily away from Puerto Rico and residing in the city of Havana, Cuba, where he went on business and owing to sickness is unable for the present to return to this Island.

''*Second*.—That as this defendant firmly believes that said codefendant will remain away from Puerto Rico for an indefinite length of time, in the furtherance of justice and in accordance with law this defendant prays the court to order the taking of the testimony of said witness, Dr. Víctor Luis Lókpez, by deposition, and to this effect she encloses, for the approval of the court, the direct interrogatory which this defendant intends to submit to said witness, after serving notice with copy upon the plaintiff.

''*Third*.—That the present address of said witness is: P. O. Box 2148, Havana, Cuba.

''*Fourth*.—That this defendant moves the Court to commission for the taking of such deposition the Consul of the United States of America in Havana, Cuba.''

The plaintiff opposed the motion and enclosed a long memorandum. Another lengthy memorandum was filed by defendant Palmieri. The plaintiff replied in writing and the

court entered the following order on the 15th of February last:

"According to section 38 of the Law of Evidence (sec. 400 of the Code of Civil Procedure, 1933 ed.), all persons, without exception, otherwise than is specified in the section 39 and 40 (which do not apply to the case at bar), may be witnesses, for, according to said section:

" 'Therefore, neither parties nor other persons who have an interest in the event of an action or proceeding are excluded; . . . .'

"Section 138 of the Law of Evidence (sec. 500 of the Code of Civil Procedure) authorizes the deposition of a witness out of Puerto Rico and establishes the procedure to be followed together with subsequent sections.

"Section 37 of the same statute defines a witness as 'a person whose declaration under oath is received as evidence for any purpose, whether such declaration be made on oral examination, or by deposition or affidavit.'

"We see, moreover, that section 1 of the Act approved March 10, 1904, which defines who are competent witnesses and repeals section 1215 of the Code of Civil Procedure, provides that:

" 'No person shall be incompetent to testify because *he is a party to a suit* or proceeding, or related to any of the parties therein, or because he is interested in the issue tried.' (Italics ours.)

"The main argument of the plaintiff in support of her contention that it is improper to take the deposition of a party is that it is not expressly authorized by our Code of Civil Procedure, whereas it is so authorized by the California statute from which ours was copied. To this effect she cites authorities from California and other States.

"Our opinion is that this technical construction of our procedural statute should not prevail. The law should not be dead letter requiring us to adjust ourselves to an obsolete construction given it in other jurisdictions, on the ground that in the common law a party can not be a competent witness.

"In 16 Am. Jur., sec. 21, the modern doctrine is set up as follows:

" 'Ordinarily, the right to take a deposition is dependent upon the competency of the proposed deponent as a witness. *Where parties are competent witnesses, their depositions may be taken, as in the case of other witnesses, in the absence of any restrictive provision.* (Italics ours.)

"In the cases of *Nash* v. *Williams*, 22 L. ed. 877; *State of Texas* v. *Chiles*, 22 L. ed. 650, and *N. J. R. Co.* v. *Pollard*, 22 L. ed. 877, the Supreme Court of the United States, construing the federal statute which acknowledges the right of a party to be a witness in any civil action (not solely in equity cases as maintained by plaintiff), held that the issuance of an order for taking the deposition of said party lay. In the Chiles case it was stated as follows:

" 'But if there were doubt on the subject, the statute being remedial in its character, the doubt should be resolved in a liberal spirit in order to obviate as far as possible the existing evils. To permit parties to testify, and to limit the statute to this, would deprive it of half its efficacy, and that much the most beneficial part. Where the testimony of one party is important to the other, there is, of course, unwillingness to give it. The narrow construction suggested would leave to the party needing the evidence in such cases no choice but to forego it, or fall back upon a bill of discovery. It is hardly credible that Congress, departing from the long established restriction as to parties to the record, intended to stop short of giving the full measure of relief. We can see no reason for such a limitation. The purpose of the Act in making the parties competent, was, except as to those named in the proviso, to put them upon a footing of equality with other witnesses—all to be admissible to testify for themselves and compellable to testify for others. This conclusion is supported by all the considerations applicable to the subject.

" ' 'The order asked for will be made.'

"As to the second question raised, it is our opinion that section 3 of the Act of 1904, *supra,* is not applicable to the case at bar, because codefendant Lókpez has not been sued as testamentary executor, administrator or guardian, but he is alleged to have acted as attorney in fact of the plaintiff after the latter had become emancipated and the action is one for nullity of contract.

"The opposition of the plaintiff to the motion for taking the deposition is hereby overruled."

The plaintiff moved for reconsideration and, her motion having been denied, appealed to this court on a writ of certiorari.

The questions for our consideration and determination are as follows: 1.—Does the law in Puerto Rico authorize the taking of the testimony of a party to an action, by

deposition? 2.—If it does, was there any showing of the necessity and materiality of the testimony to be taken in the instant case? 3.—Under the facts of the case, can a deposition, to be taken before the American consul in Havana, Cuba, be authorized? 4.—Is the defendant whose deposition is sought to be taken a competent witness to testify in the courts of Puerto Rico?

To answer affirmatively the first question we need only refer to the reasoning of the district court and the authorities cited by it in its opinion which we have just transcribed. We will add, however, as a further ground, the decision of the Supreme Court of Oklahoma in *Cooke* v. *Coronado Oil Co. et al.*, 240 P. 739, very similar to the case at bar.

In the above case there was assigned as error the order of the court overruling the motion to suppress the deposition of defendant Black taken in Canada before a notary public, on the ground, among others, that "Black, being a party to the action, was not a witness within the meaning of the statute permitting the evidence of a witness to be taken by deposition."

In dismissing the error as being without merit the court expressed itself, in the relevant part of its opinion, as follows:

"Section 585, C. S. 1921, provides that no person shall be disqualified as a witness in any civil action or proceeding by reason of his interest in the event of the same as a party or otherwise. Section 606 authorizes the taking of the deposition of a witness. These sections of the statute appear to make no distinction whatever between parties to the action and other witnesses. Since these statutes place the parties to the action on the same footing as other, witnesses, and provide for taking depositions of witnesses without making any distinction between parties to the action and other witnesses, we think the taking of depositions of parties to the action, in the same circumstances that the depositions of any other witness may be taken, is authorized. This view of the law is sustained in *Nash* v. *Williams*, 20 Wall. 226, 22 L. Ed. 254; *Doherty* v. *Healy*, 36

Colo. 260, 86 P. 323, 10 Ann. Cas. 958; *Hart* v. *Eastman,* 7 Minn. 74 (Gil. 50); *Roberts* v. *Parrish,* 17 Or. 583, 22 P. 136; *Abshire* v. *Mather,* 27 Ind. 381."

■■ Let us consider the second question. In her motion to quash the writ, defendant Palmieri in the main action alleges that this question was not raised in the district court and, therefore, that it should not be considered now. In oral argument petitioner answered that it was.

No matter what occurred, it seems to us that as the interrogatory had been attached to the motion asking for the taking of the deposition, it can easily be ascertained from the same whether or not the testimony is necessary and material. Nor can the fact be overlooked that what the district court has so far decided is that the opposition of the plaintiff to the action to the taking of the deposition did not lie. The commission has not yet been issued and the last paper attached to the record of the action before it was sent up to this court pursuant to the writ of certiorari is precisely a motion entitled "Special additional opposition to the interrogatory" filed by plaintiff on March 15 last. The district court is still in a position to require compliance with any formal requisite that might be necessary and to refuse the request of defendant Palmieri if convinced that what is requested is neither material nor necessary for the proper administration of justice.

■ For a determination of the third question it is well to transcribe the law in force in Puerto Rico in regard to the matter. It is mainly to be found in sections 500 and 504 of the Code of Civil Procedure, 1933 ed., which read as follows:

"Section 500.—The deposition of a witness out of Puerto Rico may be taken upon a commission issued from the court under the seal of the court, upon an order of the court or a judge or a justice thereof, on the application of either party upon five days previous notice to the other. If issued to any place within the United States it may be directed to a person agreed upon by the parties or, if they do not agree, to any judge or justice of the peace or commis-

sioner selected by the court or judge or justice issuing it. If issued to any country out of the United States it may be directed to a minister, ambassador, consul, vice-consul, or consular agent of the United States in such country, or to any person agreed upon by the parties.''

''Section 504.—Whenever it appears to the court that the testimony of a witness in a foreign country is material and necessary, and that the laws of such country do not permit the execution of a commission to take his testimony, the court must settle interrogatories as provided in section one hundred and thirty-nine and forward the same to the Governor, with a request that he obtain from the Government of the United States letters rogatory for the taking of such testimony. The Governor must thereupon transmit the interrogatories to the President of the United States, with a request, on behalf of Puerto Rico that he cause letters rogatory to be issued and transmitted to the Government of such foreign country requesting such Government to cause the deposition of the witness to be taken in response to the interrogatories; or the court before which the deposition is to be used may, instead of forwarding such interrogatories to the Governor, designate a court of such foreign country before which the testimony of such witness may be taken, and thereupon the clerk of the court must attach to such interrogatories a request, attested by his hand and the seal of the court, soliciting and requesting such foreign court to cause the deposition of such witness to be taken in response to such interrogatories. Any deposition taken in response to such request or to such letters may be read in evidence as provided in section one hundred and thirty-six, if the court is satisfied that the same was fairly taken and returned.''

As may be seen, the commission is the rule and resort should be had only to the more complicated method of letters rogatory where the foreign country in which the deposition is to be taken does not allow a commission.

As proof that Cuba does not allow such a commission, petitioner cites the decision in *Nelson* v. *United States,* 17 Fed. Cas. 1340. Indeed, in this latter case there is a note attached to the opinion which reads as follows:

''A commission, in the usual form, had been issued out of the district court to Havana, but the authorities there prevented its execution. Any attempt to take testimony under it, was deemed an interference with the rights of the judicial tribunals there. Letters

660

rogatory, according to the form and practice of the civil law, were issued, and the testimony was obtained.''

The above decision was rendered in 1816. More than a century has elapsed, and it is judicially known that Cuba which was then a Spanish colony is at present an independent republic, and it can not, therefore, be concluded that a showing has been made, by the above quotation, of the law at present in force.

From the above facts, and, as it has not been shown by the opposing party that a commission can not be issued, and as it appears that the district court is satisfied that it can be issued, we do not think that we should interfere with its discretion and powers within the instant extraordinary remedy.

It is conceded that if the defendant, a citizen of Cuba, refused to appear before the American Consul, the latter would be without authority to compel him to do so, but the contention is advanced that the question is premature, for the defendant might voluntarily submit to the consular authority and testify, and that is so indeed.

Hence, the third question involved is also affirmatively determined.

There remains only the fourth question for consideration. We know what the court said in passing upon it and we are inclined to think that the court was right, without it being understood that we are finally passing upon the same, as, indeed, it is not a proper question for determination within certiorari proceedings.

Otherwise, every time a party to an action objected to the testimony of a witness as not being competent and his objection was overruled, he might apply to this court on certiorari and this would be clearly improper.

Having reached the above conclusions, we hold that the writ issued should be quashed and the case remanded to the court of origin for further proceedings in accordance with the law.