GEORGINA LUISA LÓKPEZ FINLAY, peticionaria, *v.* CORTE DE DISTRITO DEL DISTRITO JUDICIAL DE SAN JUAN, P. R., HON. ROBERTO H. TODD, JR., JUEZ, demandada.

Núm. 1207.—*Sometido:* Marzo 25, 1940. *Resuelto:* Mayo 7, 1940.

*Daniel Pellón, Jr., Federico Acosta Velarde* y *Mariano Acosta Velarde,* abogados de la peticionaria; *Monserrat, de la Haba & Monserrat,* abogados de la Sra. Palmieri, demandada en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Georgina Lókpez Finlay presentó originalmente en esta Corte Suprema una solicitud de *certiorari* en el pleito que sigue en la Corte de Distrito de San Juan contra Víctor Luis Lókpez y Amelia Palmieri sobre nulidad de contrato de préstamo garantizado con hipoteca.

Sostiene que el auto procede porque "la Corte de Distrito de San Juan, al desestimar la oposición formulada por la demandante a la petición para que se tome deposición al codemandado Víctor Luis Lókpez, lo hizo en violación del artículo 504 del Código de Enjuiciamiento Civil en tanto en cuanto no se le demostró debidamente al tribunal la necesidad y materialidad de la declaración de dicho testigo, así como por no existir precepto en nuestro estatuto que autorice la toma de deposición de una parte y porque aunque supuestamente admitiéramos que de acuerdo con nuestra ley se le puede tomar la deposición a una parte, por residir don Víctor Luis Lókpez en país extranjero hay que cumplir estrictamente con lo preceptuado en el artículo 504 del Código de Enjuiciamiento Civil, resultando, además, que don Víctor Luis Lókpez es persona inhábil para declarar en el caso, de acuerdo con la ley de 10 de marzo de 1904."

Expedido el mandamiento se recibieron los autos reclamados y se oyó a las partes interesadas por medio de sus abogados el 25 de marzo último.

La moción solicitando la toma de la deposición fué presentada a la corte de distrito en enero 8, 1940. En ella se alegó:

"*Primero:*—Que el presente caso está casi listo para juicio, pero es indispensable para la defensa del derecho que asiste a esta demandada la declaración del codemandado Dr. Víctor Luis Lókpez, quien se encuentra en la actualidad ausente temporalmente de Puerto Rico, residiendo en la ciudad de la Habana, Cuba, a donde se trasladó para atender a sus negocios, y por encontrarse enfermo no puede regresar por ahora a esta Isla.

"*Segundo:*—Que teniendo esta demandada la seguridad de que dicho codemandado ha de permanecer ausente de Puerto Rico por un tiempo indefinido, en bien de la justicia, y de acuerdo con lo que la ley establece, la demandada solicita de la Corte ordene que se tome deposición a dicho testigo Dr. Víctor Luis Lókpez, y al efecto acompaña, para la aprobación de la Corte, el interrogatorio directo que esta demandada se propone someter a dicho testigo, previa notificación y copia a la parte demandante.

"*Tercero:*—Que la actual dirección de dicho testigo es: Apartado Núm. 2148, Habana, Cuba.

"*Cuarto:*—Que esta demandada sugiere a la Corte que se comisione para tomar dicha deposición, al Sr. Cónsul de los Estados Unidos de América en la Habana, Cuba."

Se opuso la demandante acompañando un amplio memorándum. Otro amplio memorándum fué presentado por la demandada Palmieri. Replicó por escrito la demandante y la corte, el quince de febrero último, dictó la siguiente resolución:

"De acuerdo con el artículo 38 de la Ley de Evidencia (Art. 400, Cód. Enj. Civil de 1933) todas las personas, sin excepción, fuera de lo especificado en los artículos 39 y 40 (que no son de aplicación al caso de autos) son aptas para testigos, pues dice dicho artículo:

" 'Así, pues, ninguna de las partes, ni otras personas interesadas en el resultado de la acción o procedimiento, serán excluídas . . . .'

"El artículo 138 de la Ley de Evidencia (art. 500, Cód. Enj. Civil de 1933) autoriza que se tome la deposición de un testigo fuera de Puerto Rico y establece el procedimiento a seguir, así como los artículos subsiguientes.

"El artículo 37 de la misma ley define al testigo como 'la persona cuya declaración bajo juramento es recibida en evidencia para cualquier objeto, ya la preste mediante examen oral o mediante deposición o *affidavit.*'

"Tenemos, además, que la sección 1ª de la Ley aprobada el 10 de marzo de 1904, definiendo quiénes son testigos hábiles y para derogar el artículo 1215 del Código Civil dispone:

" 'Que ninguna persona estará inhabilitada para declarar por motivo de *ser parte en el juicio* o procedimiento, ser pariente de alguna de las partes, o por estar interesada en tal juicio o procedimiento.' (Bastardillas nuestras.)

"La argumentación principal de la demandante para sostener que no procede tomar la deposición de una parte es que nuestro Código de Enjuiciamiento Civil no lo autoriza expresamente, mientras que el de California de donde fué copiado el nuestro, sí lo autoriza. Cita autoridades al efecto de California y otros estados.

"Somos de opinión que esta interpretación técnica de nuestro estatuto procesal no debe prevalecer. La ley no debe ser letra muerta que exija que nos acomodemos a la interpretación arcaica que en otras jurisdicciones hayan querido darle, por el hecho de que en el derecho común una parte no fuera testigo hábil.

"En 16 Am. Jur. sec. 21, se expone la doctrina moderna así:

" 'Ordinarily, the right to take a deposition is dependent upon the competency of the proposed deponent as a witness. *Where parties are competent witnesses, their depositions may be taken, as in the case of other witnesses, in the absence of any restrictive provision.*' (Bastardillas nuestras.)

"En los casos de *Nash* v. *Williams*, 22 L. ed. 877; *State of Texas* v. *Chiles*, 22 L. ed. 650 y *N. J. R. Co.* v. *Pollard*, 22 L. ed. 877, la Corte Suprema de los Estados Unidos, interpretando el estatuto federal que reconoce el derecho de una parte a ser testigo en cualquier acción civil (no meramente en casos de equidad como sostiene la demandante) resolvió que procedía expedirse una orden para la deposición de dicha parte. En el caso de Chiles se dice lo siguiente:

" 'But if there were doubt on the subject, the statute being remedial in its character, the doubt should be resolved in a liberal spirit in order to obviate as far as possible the existing evils. To permit parties to testify, and to limit the statute to this, would deprive it of half its efficacy, and that much the most beneficial part. Where the testimony of one party is important to the other, there is, of course, unwillingness to give it. The narrow construction suggested would leave to the party needing the evidence in such cases no choice but to forego it, or fall back upon a bill of discovery. It is hardly credible that Congress, departing from the long established restriction as to parties to the record, intended to stop short of giving the full measure of relief. We can see no reason for such a limitation. The purpose of the Act in making the parties competent, was, except as to those named in the proviso, to put them upon a footing of equality with other witnesses—all to be admissible to testify for themselves and compellable to testify for the others. This conclusion is supported by all the considerations applicable to the subject.

" 'The order asked for will be made.'

"En cuanto a la segunda cuestión planteada somos de opinión que la sección 3 de la Ley de 1904, supra, no es aplicable al caso de autos porque el codemandado, Lókpez, no ha sido demandado como albacea testamentario, administrador o tutor, sino que se alega que él actuó como apoderado de la demandante después de ésta haber sido emancipada y la acción es una de nulidad de contrato.

"Se declara sin lugar la oposición de la demandante a la moción sobre toma de deposición."

Pidió reconsideración la demandante y negada que le fué, acudió a esta Corte Suprema radicando su solicitud de *certiorari*.

Las cuestiones a estudiar y resolver, son, pues, las siguientes: 1, ¿Autoriza la ley en Puerto Rico la toma de la declaración de una parte en un pleito por medio de deposición?; 2, Si la autoriza ¿se demostró la necesidad y materialidad de la declaración a tomar en este caso?; 3, Bajo las circunstancias que concurren ¿puede autorizarse la deposición ante el Cónsul Americano en la Habana, Cuba?; y 4, ¿Es el demandado cuya deposición se intenta tomar un testigo hábil ante las Cortes de Puerto Rico?

Para contestar en la afirmativa la primera pregunta bastan el razonamiento y las autoridades citadas por la corte del distrito en la opinión de la misma que dejamos transcrita. Agregaremos sin embargo como un fundamento adicional lo resuelto por la Corte Suprema de Oklahoma en el caso de *Cooke* v. *Coronado Oil Co. et al.*, 240 P. 739, muy parecido al presente.

En dicho caso se señaló como errónea la resolución de la corte declarando sin lugar la moción de los demandantes sobre eliminación de la deposición del demandado Black tomada en el Canadá ante un notario público, entre otros motivos porque "siendo Black una parte en el litigio, no era un testigo dentro del significado del estatuto autorizando tomar por deposición la declaración de un testigo."

Y al decidir la corte que el error no existía, se expresó, en lo pertinente, como sigue:

"El artículo 585 C. S. 1921, dispone que ninguna persona estará incapacitada para declarar como testigo en cualquier acción o procedimiento civil por razón de interés en el resultado del mismo como parte o en otro carácter. El artículo 606 autoriza la toma de deposición a un testigo. Estos artículos del 'estatuto no parecen establecer ninguna diferencia entre las partes en litigio y otros testigos. Ya que estos estatutos colocan a las partes en el mismo plano que los otros testigos, y proveen la toma de deposición de testigos sin hacer ninguna distinción entre las partes del pleito y otros testigos, somos de opinión que el tomar la deposición de una parte en la acción bajo las mismas circunstancias en. que se toman las deposiciones de otros testigos, está autorizado. Esta interpretación de la ley se halla sostenida por *Nash* v. *Williams,* 20 Wall. 226, 22 L. ed. 254; *Doherty* v. *Healy,* 36 Colo. 460, 86 P. 323, 10 Ann. Cas. 958; *Hart* v. *Eastman,* 7 Minn. 74 (Gil. 50); *Roberts* v. *Parrish,* 17 Or. 583, 22 P. 136; *Abshire* v. *Mather,* 27 Ind. 381."

■■ Examinemos la segunda cuestión. En su moción pidiendo que el auto expedido sea anulado, la demandada en el pleito Señora Palmieri, sostiene que esta cuestión no fué· levantada en la corte de distrito y por tanto que no debe ser considerada ahora. En su informe oral la peticionaria contestó que lo fué.

Sea como fuere lo ocurrido, nos parece que habiéndose acompañado a la moción solicitando la toma de la deposición el interrogatorio, de él puede fácilmente desprenderse si la declaración es o no necesaria y material. Tampoco debe perderse de vista que lo hasta ahora resuelto por la corte de distrito es que la oposición de la demandante en el pleito a la toma de la deposición no procedía. La comisión no ha sido aún expedida y el último documento que se unió a los autos del pleito antes de remitirse a este tribunal en obediencia al *certiorari,* es precisamente una moción titulada "Oposición adicional especial al interrogatorio" presentada por la demandante en quince de marzo último. La corte del distrito está aún en condiciones de exigir que se cumpla con

cualquier requisito formal que fuere necesario y de negar lo que la demandada Señora Palmieri le ha pedido si quedare convencida de que no es material ni necesario a los fines de la debida administración de la justicia.

Para resolver la tercera cuestión parece conveniente que transcribamos la ley que rige en Puerto Rico sobre la materia. Está contenida principalmente en los artículos 500 y 504 del Código de Enjuiciamiento Civil, ed. 1933, que leen:

"Artículo 500.—La deposición de un testigo fuera de Puerto Rico, podrá tomarse mediante una comisión del tribunal, bajo el sello del mismo, expedida por dicho tribunal o uno de sus jueces, a solicitud de cualquiera de las partes, y con cinco días de notificación a la otra parte. Si fuese expedida para cualquier punto en los Estados Unidos, podrá dirigirse a una persona aceptada por las partes, y en caso contrario, a cualquier magistrado, juez de paz, o comisionado elegido por el tribunal o juez que la hubiere expedido. Si se expidiere para cualquier país fuera de los Estados Unidos, podrá dirigirse a un ministro, embajador, cónsul, vicecónsul, o agente consular de los Estados Unidos en dicho país, o a cualquiera persona aceptada por las partes."

"Artículo 504.—Siempre que el tribunal estimare material y necesaria la declaración de un testigo residente en país extranjero, y las leyes de dicho país no permitieren el otorgamiento de una comisión para tomar su testimonio, deberá dicho tribunal resolver el interrogatorio de acuerdo con lo prescrito en el artículo 139, y remitirlo al Gobernador con la solicitud de que obtenga del Gobierno de los Estados Unidos una suplicatoria para la toma de dicha declaración. El Gobernador deberá desde luego trasmitir el interrogatorio al Presidente de los Estados Unidos, con la solicitud, a nombre de Puerto Rico, de que ordene se expida y trasmita una suplicatoria al gobierno de dicho país extranjero, solicitando de dicho gobierno que disponga sea tomada la deposición del testigo de acuerdo con el interrogatorio; o el tribunal ante el cual hubiere de prestarse la deposición, en vez de remitir dicho interrogatorio al Gobernador, podrá designar un tribunal del país extranjero para tomar la declaración del testigo, y, en este caso, el secretario del tribunal deberá unir a dicho interrogatorio un oficio, autorizado por su firma y el sello del tribunal, solicitando de dicho tribunal extranjero, que disponga se tome, de acuerdo con el interrogatorio, la deposición del testigo. Cualquiera deposición tomada en cumplimiento de dicha

solicitud o suplicatoria, podrá leerse en evidencia, según lo dispuesto en el artículo 136, siempre que el tribunal estuviere convencido de haberse tomado y devuelto en toda regla.''

Como puede verse la regla es la comisión y sólo debe acudirse al más complicado método del suplicatorio cuando el país extranjero donde deba tomarse la deposición no permitiere el otorgamiento de una comisión.

Como demostración de que Cuba no permite el otorgamiento de comisiones de esta naturaleza cita la peticionaria lo resuelto en el caso de *Nelson et al* v. *United States,* 17 Fed. Cas. 1340. En efecto en dicho caso, en nota a la opinión del mismo tribunal, se dice:

''Una comisión en la forma usual, fué expedida por la corte de distrito a la Habana, pero las autoridades en esta última impidieron su ejecución. Cualquier tentativa para tomar la declaración de acuerdo con lo que dicha comisión dispone, fué allí considerada como una interferencia con los derechos de los tribunales de justicia. Fueron expedidas suplicatorias de acuerdo con la forma y práctica del derecho civil, y el testimonio fué obtenido.''

Pero se trata de una decisión rendida en 1816. Más de un siglo ha transcurrido, y es de conocimiento judicial que Cuba que era entonces una colonia española, constituye hoy una república independiente, no pudiendo en tal virtud concluirse que con la cita del caso se haya demostrado cuál es la ley que rige en la actualidad.

■ Bajo esas circunstancias, no habiéndose demostrado por la parte opositora que la comisión no pueda expedirse y estando al parecer satisfecha la corte de distrito de que puede, no creemos que debamos intervenir con su discreción y facultades dentro de este recurso extraordinario.

Se admite que si el demandado, ciudadano de Cuba, se negara a comparecer ante el Cónsul Americano, éste no tendría potestad para obligarlo a ello, pero se sostiene que es prematura la cuestión porque el demandado puede someterse voluntariamente a la autoridad consular y declarar ante ella. y así es en efecto.

En tal virtud se resuelve también en la afirmativa la tercera de las cuestiones envueltas.

█ Resta sólo considerar la cuarta. Sabemos lo que dijo la corte al resolverla y nos inclinamos a creer que le asiste la razón, sin que se entienda que la decidimos en definitiva, porque en verdad no es propia para ser resuelta dentro de un recurso de *certiorari*.

De otra suerte cada vez que una de las partes en un pleito se opusiera a que declarara un testigo por no ser hábil y el juez desestimara su objeción, podría recurrirse en *certiorari* para ante este tribunal, y ello sería claramente improcedente.

Habiendo llegado a las anteriores conclusiones, *procede la anulación del auto expedido y la devolución del pleito a la corte de su origen para que continúe actuando en el mismo de acuerdo con la ley.*